# 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

## N. & W. R. R. Co. v. Howison.

### December 3d, 1885.

1. Mechanics' Liens—*Declarations—Defences.*—In declarations by sub-contractor against owner under mechanics' lien law, it is unnecessary to aver that account, alleged to have been furnished defendant, was approved by general contractor ; or that latter, after ten days' notice thereof, had failed to object to it ; or that same had been ascertained to be due from latter to sub-contractor, according to section six. These are matters of defence. Nor is it necessary to aver when alleged notice was given defendant; nor that, when notice was given, he owed anything to general contractor. Code 1873, ch. 115 ; Acts 1874-5, ch. 351, p. 137.

2. Idem— *Notice and affidavit—Owner's liability.*—Notice and affidavit having been furnished, as required by law, by sub-contractor to owner, the latter is liable to former for amount named in the affidavit regardless of state of accounts between owner and general contractor. Acts 1874-5, ? 5, p. 437 ; *R. L. I. Co.* v. *Karn & Hickson,* 80 Va., p. 589.

3. Idem—*Notice—Affidavit.*—Notice may be furnished owner by sub-contractor at any time between doing the labor or furnishing the materials, and twenty days after building is completed or work otherwise terminated. But affidavit *must* be furnished within said period of twenty days. *Railroad* v. *Miller,* 80 Va. 821.

Error to judgment of circuit court of Roanoke city, rendered December 18th, 1884, in action of *assumpsit* by A. P. Howison against the Norfolk and Western Railroad Company.

During 1882 and up to April, 1883, said company had certain bridges built under contract with the Clark Bridge

Company.   In  November,  1882,  Howison  furnished  said Bridge Company with lumber, which was to be, and was, used in  constructing  said  bridges.   Plaintiff  furnished  defendant March 14th, 1883, with  notice  and  affidavit  that,  as  sub-contractor, he would hold defendant responsible to him for the payment of $1,963.02, the amount due to plaintiff from the general  contractor  for  said  lumber.   At  the  time  the  notice was given defendant did not owe, and since then has not owed, the general contractor anything.

Defendant demurred to the declaration, but the circuit court overruled the demurrer, and, a jury being waived and the facts  agreed,  rendered  judgment  for  the  plaintiff  for  the amount  claimed.   And  the  defendant  having  excepted,  obtained a writ of error and *supersedeas* to the judgment.

*W. J. Robertson* and *J. A. Watts* and *W. G. Robertson*, for the plaintiff in error.

*Penn & Cocke*, for the defendant in error.

LACY, J., delivered the opinion of the court.

The  case,  as  appears  by  the  statement  in  the  record  of  the facts  agreed,  is  as  follows:   During  the  year  1882,  and  up  to the  month  of  April,  1883,  the  Clark  Bridge  Company,  a  corporation whose chief office was situated in the city of Baltimore, Maryland,  was  engaged  in  erecting  bridges  along  the  line  of the New River Division of the Norfolk and Western Railroad, which  line  of  railroad  was,  at  that  time,  being  constructed  by the  Norfolk  and  Western  Railroad  Company.   During  the progress  of  this  work  the  Clark  Bridge  Company,  being  the general  contractors  for  the  said  bridges,  became  indebted  to the plaintiff in this case in the sum of nineteen hundred and

sixty-three dollars and two cents for lumber furnished by said Howison to be used, and which was used, by the said Clark Bridge Company in and about the construction of the said bridges. On the 14th day of March, 1883, the plaintiff, A. P. Howison, gave notice to the Norfolk and Western Railroad Company, under chapter one hundred and fifteen of the Code of Virginia, and the acts amendatory thereof, in writing, of the value of labor performed and materials furnished, and on the same day furnished the said defendant, the Norfolk and Western Railroad Company, with an affidavit showing a correct account of the amount due to him by the contractor and remaining unpaid; and notice that, as sub-contractor, he would hold the Norfolk and Western Railroad Company responsible for the payment of the amount due to him by the general contractor, the Clark Bridge Company.

At the time the said notice was served upon the Norfolk and Western Railroad Company, the said company did not owe the Clark Bridge Company anything; nor has it owed the Clark Bridge Company anything since that time. The lumber mentioned was furnished in the month of November, 1882. The defendant, at the trial, demurred to the declaration, and to each count thereof, pleaded *non-assumpsit*, and, neither party requiring a jury, the case was submitted to the court upon the said defendant's demurrer and the facts agreed upon, for its judgment. And the court overruled the demurrer, and gave judgment for the plaintiff against the said defendant for the sum of nineteen hundred and sixty-three dollars and two cents, with interest from the 14th day of March, 1883, until paid, and his costs. To which judgment, the defendant excepted, and applied to this court for a writ of error and *supersedeas*, which was awarded.

The ground of demurrer set up by the defendant is that the declaration did not aver that the account there-

in alleged to have been furnished to the defendant was approved by the general contractor, or that the general contractor, after ten days' notice to him of the filing of the account with the defendant, had failed to file with the defendant any objections to the said account; or that the same had been ascertained to be due from the general contractor to the sub-contractor, in the manner provided for in the sixth section of chapter one hundred and fifteen of the Code; and that such approval or failure to object on the part of the general contractor, or ascertainment of the amount due, being required by said sixth section to authorize the defendant to pay anything to the plaintiff. And for the further reason that the declaration does not aver *when* the notice therein alleged to have been given by the plaintiff to the defendant, was given, nor show that when it was given anything was due, or thereafter to become due, to the Clark Bridge Company, from the defendant under its contract with the said defendant.

As to the first ground of demurrer set forth above, that the declaration does not set forth what, if anything, was done under the provisions of the sixth section: The said sixth section provides what may be done between the owner and the general contractor, concerning the account furnished by the sub-contractor to the owner. The statute gives the sub-contractor a lien on the property as against the owner after complying with the provisions of the law; and the transactions between the owner and the general contractor concerning the account, are not a part of the sub-contractor's claim. If the general contractor confess the debt, or fail to dispute it within ten days, the owner may pay without going further. If he dispute it, or deny its correctness, the section provides for the ascertainment of its true amount. This may be matter of defence, if such exists, but it does not constitute any part of the plaintiff's case, and could not find legitimate place in his

declaration. His claim to a lien is not made to depend by the law upon the admissions of the general contractor, or his failure to object to or dispute it within ten days after notice by the owner, which the owner may not give. It is matter of defence which must depend upon proof whether all or any part of the claim is due and unpaid; but it is not a part of the plaintiff's demand; and the demurrer, on this ground, was rightly overruled.

As to the second ground of demurrer, that the declaration does not set forth *when* the notice was given: The declaration alleges that notice in writing was given in pursuance of the statute, and that subsequently the required affidavit was filed within twenty days after the completion of the bridges, of the amount due and unpaid, &c. This ground of demurrer cannot, therefore, be sustained.

And as to the third and last ground of demurrer, that the declaration did not allege that, when the notice was given, anything was due from the owner to the general contractor: the claim of the sub-contractor is not made to depend upon *that* circumstance. It is immaterial to the sub-contractor when he serves his notice and account, with the required affidavit, whether anything is due from the owner to the general contractor, or whether the whole cost of the building or bridge has been paid by the owner to the general contractor or not; provided, only, that he serves his notice and files his account and affidavit as required by the statute *within* twenty days after the building or bridge has been completed, or the work otherwise terminated. The sub-contractor is not dependent now, as under the eighth section, upon the state of the accounts between the owner and the general contractor. Under the fourth section he is accorded the benefit of the act upon the same terms as the general contractor.

He is no longer authorized to give notice of the *probable*

value of the labor *to be* performed and materials furnished. He is now authorized to give notice of the value of the labor actually performed and the value of the materials actually furnished, and he is allowed until twenty days after the building or other improvement is completed, or the work thereon otherwise terminated, to furnish his account, supported by affidavit, to the owner, of the amount due and unpaid to him. If he does this, then the owner is liable to him under the law for such amount of his account, provided the same does not exceed the amount set forth in the said affidavit, whether the owner has already settled with the general contractor or not.

The contention of the plaintiff in error that the judgment should be reversed because, "There is not a word to indicate that the plaintiff, within twenty days after the bridges were completed or the work thereon otherwise terminated, furnished the owner with an affidavit showing a correct account of the amount due to the plaintiff and remaining unpaid by the Clark Bridge Company," is not sustained by the record; from which it appears that this notice *was* given on the 14th day of March, 1883, and the work was not terminated on the bridges until April, 1883.

The sub-contractor was not obliged to wait until the work was finished, or terminated otherwise, before he gave his notice. He was entitled under the amended law to serve his notice at any time after the labor was performed and the materials furnished before the expiration of twenty days from the completion of the building or other improvement, or the day the work was otherwise terminated.

The questions involved in this case have been the subject of examination and decision in this court in several recent cases.

The first cases decided here were *The Roanoke Land and Im-*

*provement Company* v. *Karn & Hickson,* and *Same* v. *Snead & Winston,* decided at Wytheville at the last June term, and reported in 80 Va., p. 589.

In a late case this section was again construed by this court, in which it was held that, it is plain from the language thus employed, that the intention of the legislature was to authorize notice to be given after the materials have been furnished by the sub-contractor, and to prescribe a limitation within which the essential affidavit showing a correct account due to the sub-contractor shall be furnished, namely, twenty days after the completion of the work, and no longer. In other words, the sub-contractor may give notice as soon as the materials are furnished, and may, at the same time, if he pleases, furnish the required affidavit, or at any time thereafter, provided the same is furnished within twenty days after the work is completed. If he delays furnishing the affidavit until after the expiration of that time from the completion of the work, then his right to avail himself of the benefit of the fifth section of the statute is gone.

This construction is not less favorable to the owner than that contended for by the company, as it apprises him in advance of the completion of the work of the claim of the sub-contractor, and certainly the language of the statute admits of no other reasonable construction.

See the opinion of Lewis, P., in the case of the *Shenandoah Valley Railroad Company* v. *Miller,* decided during the last term of this court, at Staunton (80 Va. 521), and cases cited. The defendant in error has strictly complied with the statute in the prosecution of his claim against the plaintiff in error, and we see no error in the judgment complained of, and the same must be affirmed.

JUDGMENT AFFIRMED.