BUTLER & McCRACKEN

*v.*

ELLA GAIN.

*Filed at Mt. Vernon April 5, 1889.*

1. MECHANIC'S LIEN—*strict construction.* The statute giving a me-chanic, material-man or sub-contractor a lien on the premises of the owner of a building erected or repaired, is in derogation of the com-mon law, and is to be strictly construed. Therefore, a party seeking a lien under its provisions must show a clear compliance with all the re-quirements of the statute.

2. SAME—*rights of sub-contractor, material-man, etc.—notice to the owner.* The statute does not give to a sub-contractor, mechanic, or person furnishing material to the original contractor, a lien absolutely, without notice to the owner of the rights of such sub-contractor, me-chanic or material-man. The statute requires such persons claiming a lien, to give the owner notice thereof, when he has not received the same from the contractor.

3. This notice is required to be served on the owner within forty days from the completion of the sub-contract, or within the same period after payment should have been made to the sub-contractor, etc.

4. If the contractor furnishes the owner with a sworn statement, setting forth the names of all persons entitled to be protected, with the sums due or to become due them, then all the purpose intended by the notice in section 30 is accomplished, and the sub-contractor or material-man will not be required to serve the notice provided for in the latter section.

5. If the owner of a building has notice of the rights and interests of sub-contractors and material-men, either under section 30 or 31, or from the sworn statement of the original contractor, and pays the orig-inal contractor, without retaining a sum sufficient to satisfy the claims of the sub-contractors, etc., such payment will be in violation of the rights of sub-contractors, etc. If the owner is not so served within forty days, he may lawfully pay off his contractor without liability to any other lienholder.

APPEAL from the Appellate Court for the Fourth District;— heard in that court on appeal from the City Court of East St. Louis; the Hon. B. H. CANBY, Judge, presiding.

This was a petition by Butler & McCracken, lumber merchants, against appellee, Gain, and one Wiegriffe, defendants, to enforce a mechanic's lien as sub-contractors. The petition shows that one Benjamin Summers, a contractor, on August 27, 1887, contracted to build a house for Ella Gain, appellee, for the sum of $685, the same to be completed in forty-five days from that date; that the last payment was due on the completion of the work; that the house was finished and accepted by Ella Gain on October 11, 1887; that appellee paid to Summers $500 on the contract, without demanding, in writing, or receiving of said contractor, a statement, under oath, of the number and name of every sub-contractor, mechanic and workman in his employ, or of persons furnishing material, giving their names and the rate of wages, or the terms of contract, and how much, if anything, was due or to become due for work done and materials furnished, and without retaining out of the money due said Summers on account of said contract, an amount sufficient to pay the demands of petitioner and other sub-contractors, workmen and mechanics furnishing material and labor under said contract; that on the 11th of October, 1887, and now, there is due from said Gain to said Summers $185 on the contract; that after said Summers made such contract with said Gain, he contracted with petitioners for lumber for said house, and, accordingly, lumber and materials to the amount of $286.42 were furnished by petitioners, which were put in said house; that said material was to be paid for by Summers at the time mentioned in the original contract between Gain and Summers; that Summers has paid $85, and there remains due to petitioners $201.42; that on November 2, 1887, within four months after the last payment became due, they filed in the office of the circuit clerk of St. Clair county their lien against said house, etc., a copy of which is annexed as an exhibit; and that on December 20, 1887, they caused to be served on said Gain a copy of the notice required by statute, notifying her that

petitioners had been employed by said Summers to furnish materials, and had furnished the same, for the erection of her house. The petition makes Ella Gain, Benjamin Summers and Theodore Wiegriffe defendants. The court below overruled a demurrer to this petition, and decreed that complainants have a mechanic's lien on the premises for $201.42, and that Gain and Summers pay the same within thirty days, and that in default thereof the premises be sold, etc. Ella Gain took the case, by appeal, to the Appellate Court for the Fourth District, where the decree of the city court of East St. Louis was reversed, and the cause remanded, with directions to dismiss the bill for want of equity. From this judgment the petitioners prosecute this appeal.

Mr. JAMES J. RAFTER, for the appellants.

Mr. L. H. HITE, for the appellee.

Mr. JUSTICE SHOPE delivered the opinion of the Court:

This is a proceeding by sub-contractors to establish and enforce a mechanic's lien. The sections of the statute relating to the matter under consideration, are sections 29, 30, 31 and 35 of the statute relating to liens, as amended in 1887. These sections, relating to the same subject, must necessarily be construed together.

A lien is given by section 29, to sub-contractors, or other persons who shall perform labor or furnish material for the original contractor, but provides that the aggregate of all liens allowed shall not exceed the price stipulated in the original contract between the contractor and the owner, "unless payment be made to the original contractor, or to his order, in violation of the rights of the persons intended to be benefited by section 35" of the same act. The 30th section requires the person performing such labor or furnishing material, to serve a written notice upon the owner, stating that he has been

employed by the contractor to perform work or furnish material for the owner's building, and that he intends to assert a lien against the property; "*Provided,* such notice shall not be necessary when the sworn statement of the contractor, provided for in section 35" of the act, "shall serve to give the owner true notice of the amount due, and to whom due." Section 31 of the act provides, that "if there is a contract in writing between the original contractor and the subsequent contractor, a copy of such sub-contract, if the same can be obtained, shall be served with such notice and attached thereto, which notice shall be served within forty days from the completion of such sub-contract, or within forty days after payment should have been made to the person performing such labor or furnishing such materials."

It is provided by section 35, that "the original contractor shall, whenever any payment of money shall become due from the owner, or whenever he desires to draw any money from the owner, lessee or his agent, on such contract, make out and give to the owner, lessee or his agent, a statement, under oath, of the number and name of every sub-contractor, mechanic or workman in his employ, or person furnishing materials, giving their names and the rate of wages, or the terms of contract, and how much, if anything, is due or to become due to them, or any of them, for work done or materials furnished; and the owner, lessee or his agent shall retain out of any money then due to the contractor, an amount sufficient to pay all demands that are due or to become due said sub-contractors, mechanics and workmen, or person furnishing material, as shown by the contractor's statement, and pay the same to them according to their respective rights; and all payments so made shall, as between such owner and contractor, be considered the same as if paid by such original contractor. Until the statement provided for in this section is made in manner and form as herein provided, the contractor shall have no right of action or lien against the owner on account of such contract,

and any payment made by the owner before such statement is made, or without retaining sufficient money, if that amount is due or is to become due, to pay the sub-contractors, mechanics, workmen, or person furnishing materials, as shown by the statement, shall be considered illegal, and made in violation of the rights of the persons intended to be benefited by this act, and the rights of such sub-contractors, mechanics, workmen, or persons furnishing material, to a lien, shall not be affected thereby." The remainder of this section gives the owner a right to demand such statement at any time during the progress of the work, and imposes a penalty on the contractor for a failure to furnish the same.

The statute giving a mechanic, a material-man or subcontractor a lien on the premises of the owner of a building erected or repaired, is in derogation of the common law, and is to be strictly construed; therefore, a party seeking a lien under its provisions, must show a clear compliance with all the requirements of the statute. *Belanger et al.* v. *Hersey et al.* 90 Ill. 70; *Canisius et al.* v. *Merrill et al.* 65 id. 67; *Stephens* v. *Holmes,* 64 id. 336; *Cook et al.* v. *Heald et al.* 21 id. 429; *Huntington* v. *Barton,* 64 id. 504; *Brady* v. *Anderson et al.* 24 id. 110. The statute does not give to a sub-contractor, mechanic, or person furnishing material to the original contractor, a lien absolutely, without notice to the owner of the rights of such sub-contractor, mechanic or material-man. It would be difficult, if not impracticable, for the owner of the building being erected to ascertain the names of all persons who might furnish the contractor with material to be used in such building, or who might perform labor thereon, and the statute has wisely required such persons claiming a lien to give him notice thereof when he has not received the same from the contractor. As has been seen, section 31 requires the notice required by the preceding section to be served on the owner within forty days from the completion of the sub-contract, or within the same period after payment should have been made to such

person. If the contractor furnishes the owner with a sworn statement, setting forth the names of all persons entitled to be protected, with the sums due them, then all the purpose intended by the notice in section 30 is accomplished, and the sub-contractor or material-man will not be required to serve the notice provided for in the latter section.

It is to be observed (section 29) that the owner shall not, except in case of fraud, be compelled to pay a greater sum on account of his house than the original contract price, "unless payments be made to the original contractor, or his order, in violation of the rights and interests of the persons intended to be benefited by section 35" of the act. When is a payment to the original contractor in violation of the rights and interests of the sub-contractor or person furnishing material? It is undoubtedly when the owner has had notice of such persons' rights, either under section 30 or 31, or from the sworn statement of the original contractor. The notice under sections 30 and 31, to be available, must be served within forty days, as we have seen. This notice was not served on appellee within the time required, and consequently her payment to the contractor was not illegal as to the appellants, or in violation of their rights or interests, unless she had notice of their claim by the sworn statement of the original contractor. This is not shown. The petition fails to show that the conditions of the proviso to section 30 arose to exempt appellants from giving notice, but, on the contrary, that appellee did not receive or require from the contractor the statement provided in section 35, and, consequently, the statement not being given, could not "serve to give her due notice" of the claim of appellants, or of the amount due them.

Appellee undoubtedly had the right to refuse payment to the contractor until he furnished her a sworn statement, as provided by the statute; but without notice that there were sub-contractors or other persons entitled to a lien on her property, she was not bound to demand such statement as a con-

dition precedent to payment of the amount due the contractor. It is only the persons to whom a lien is given that section 35 is intended to protect. Their right to a lien does not depend upon the omission of the owner to do or perform any act, but does depend upon something they must themselves do, unless the necessity for their action is avoided by the act of the original contractor in furnishing the sworn statement. If the contractor fails to give the owner notice of the sub-contractors' or material-men's lien, they must give the notice, in order to protect their rights under the statute.

Appellants not having taken the proper steps to perfect their lien, by giving notice of their claim within forty days, as provided in section 31 of the act, can not complain of appellee that she did not demand a sworn statement of the contractor. She owed them no duty until notified of their rights in some of the modes prescribed by the law. This leads to an affirmance of the judgment of the Appellate Court, and it is accordingly affirmed.                                    *Judgment affirmed.*