# Richmond.

## KIRN v. CHAMPION IRON FENCE CO.

### FEBRUARY 6th, 1890.

#### Absent, Lewis, P., and Hinton, J.

1. MECHANICS' LIENS—*Contracts.*—Under Code 1873, ch. 115, as amended by Acts 1883–'84, pp. 636, 637, in action against owner by sub-contractor, whose account is disputed by general contractor, it is not sufficient for sub-contractor to show that he has served his notice and filed his account as provided by sec. 5, but he must also aver and prove that he has complied with his contract with the general contractor under which the materials were furnished.

2. IDEM—*Essence of contract.*—In a contract to furnish material for a building "within sixty days from date of order": *held,* time is of the essence.

Error to judgment of hustings court of city of Portsmouth, rendered October 19, 1888, in an action of *assumpsit* wherein the Champion Iron Fence Company was plaintiff and the plaintiff in error, Henry Kirn, was defendant. Opinion states the case.

*Walke & Old, R. C. Marshall,* and *Watts & Hatton,* for the plaintiff in error.

*Ellis & Kerr,* for the defendant in error.

LACY, J., delivered the opinion of the court.

This is a writ of error to a judgment of the hustings court of the city of Portsmouth, rendered on the 19th day of Octo-

ber, 1888. The case is as follows : Kirn, the plaintiff in error, contracted with Tee & Brittingham for the construction of a building. Tee & Brittingham contracted with the defendant in error to furnish the iron front for the building and other iron material at the price of $2,100 *within* sixty days from date of order, and payment to be made on the erection of the building and the approval by architect. The defendant in error failed to furnish the said iron material for several months after the expiration of the time agreed on for the delivery of the same, and some of it they never furnished at all. The building being, after long delay and great complaint by general contractor, and claim for loss and damage caused by delay of subcontractor, at last completed, some of the iron material being procured elsewhere, the owner claimed of the general contractor and received $500 damages because of the delay and loss aforesaid, and refused to pay the sub-contractor the $2,100 agreed on in the contract. Whereupon the sub-contractor, the defendant in error, filed an account and claim under the 5th section of the mechanics' lien law (Code 1873, ch. 115, sec. 5; Acts of Assembly 1883–'4, p. 636–7) and gave notice to the owner that payment would be required of him. The owner refused payment because the general contractor objected to the said claim of the said sub-contractor under the 6th section of the said mechanics' lien law (ch. 115, sec. 6, Code 1873); and no arbitrators being agreed on, the present action was instituted. The declaration declares on the contract between the general contractor and the sub-contractor, and recites the contract between the general contractor and the owner, and the service of the notice by the sub-contractor to the owner under the said fifth section. On the trial, all evidence of the failure on the part of the sub-contractor to comply with the terms of his contract as to the agreed time of delivery and consequent damage, was excluded by the court; and the defendant demurred to the declaration for failure therein to aver compliance in this respect by the plaintiff, which demurrer the court over-

ruled, and under the instructions of the court the jury found a
verdict for the plaintiff for the full amount claimed by him;
and the defendant applied for a writ of error from this court,
which was awarded.

The first assignment of error is as to the action of the court
in overruling the demurrer. The time agreed on in the con-
tract between the general and the sub-contractor was an essen-
tial part of the said contract, and it was necessary, in order for
the plaintiff to recover thereon, for it to allege and prove com-
pliance on the part of the plaintiff with the said contract in
this respect, and the demurrer should have been sustained by
the court; and for this cause the judgment of the hustings
court must be reversed.

And as the case must go back for a new trial to be had in
the hustings court, it is proper to pass on the error assigned as
to the instructions of the court. Under the sixth section of
the act aforesaid it was necessary to pass on the correctness of
the account between the general and the sub-contractor, this
being a case where the general contractor disputed the correct-
ness of the account of the sub-contractor. That is the very
object of the sixth section, to-wit: to settle the matter in con-
troversy between the said general and sub-contractor by action
at law. The effect of the court's instructions is to hold that
this cannot be inquired into. That is, that the claim if pre-
sented in accordance with the fifth section cannot be disputed
nor inquired into, because whatever recovery is had against
the owner must be allowed between the owner and the general
contractor. However this is in a proceeding under the fifth
section, where the general contractor does not dispute the cor-
rectness of the said account, according to decisions in *The
Roanoke Land and Improvement Co.* v. *Karn & Hickson*, 80 Va.,
596; *S. V. R. R. Company* v. *Miller*, Id., 830, and *N. & W. R.
R. Co.* v. *Howison*, 81 Va., 125; it is not error, in a proceed-
ing where, as here, the said account is not approved but dis-
puted by the general contractor. It is not true that the sub-

contractor is entitled to recover the amount of his claim, merely because he has contracted to furnish materials or work, and has duly served his notice and filed his account, without averment or proof of compliance therewith on his part, in a case like this, where the general contractor does not approve but, under the sixth section, disputes his claim. The matters of defense offered by the defendant were properly offered, and were matters proper for the consideration by the jury. And it was error to exclude the same from the jury. For the foregoing reasons the judgment of the said hustings court of Portsmouth city must be reversed and annulled, and the case remanded for a new trial to be had therein, in accordance with the foregoing opinion.

RICHARDSON, J., dissented.

JUDGMENT REVERSED.