THE CARY-LOMBARD LUMBER COMPANY

*v.*

JAMES A. FULLENWIDER.

*Filed at Ottawa June 19, 1894.*

1. MECHANIC'S LIEN—*statute to be strictly pursued.* This court has repeatedly held that the statute relating to mechanic's liens is to be strictly pursued, and that a party seeking a lien thereunder must show compliance with its provisions.

2. SAME—*sub-contractor—section 29 of Lien act construed.* Section 29 of the Lien act creates a lien in favor of a sub-contractor or materialman, without limitation other than that the liens therein authorized shall not exceed the price fairly stipulated to be paid by the owner to the original contractor for the building or improvement made, and shall not exceed the amount of indebtedness due from the owner to the original contractor.

3. SAME—*sections 30 and 31 of the act construed.* The purpose of sections 30 and 31 of the act relating to mechanic's liens was to require notice to the owner, to the end that he should be protected against liens of which he had no notice, and the notice thereby required applies to sub-contracts not completed when it was given. Section 31, requiring notice to be served within forty days from the completion of the sub-contract, is a limitation of the time, beyond which notice will cease to be effective to protect the rights of the sub-contractor under section 29 of the act.

4. SAME—*time of service of notice by sub-contractor.* The notice which a sub-contractor is required to give the owner, under section 31 of the act, in order to preserve his lien, may be given at any time after the sub-contract is made, and before the expiration of forty days after completion of the sub-contract, or forty days after payment should have been made to the person performing labor or furnishing the materials.

5. SAME—*contract payable in monthly installments.* A contract was made for the furnishing of materials to be used in the erection of a building, the same to be furnished as the work progressed, and to be paid for in monthly payments, so that all the materials supplied in any month were to be paid for on the first of the next succeeding month : *Held,* that the contract was an entire contract, and that the sub-contractor was not bound to sue on each installment as it fell due, in order to maintain a mechanic's lien, but might wait until the entire debt matured.

6. SAME—*limitation to enforcing sub-contractor's lien.* Section 47 of the act requiring the petition to enforce the lien created by section 29, in favor of sub-contractors, to be filed within three months from the time of performance of the sub-contract or doing the work, etc., as a limitation law, does not begin to run, in case of a contract payable in installments, until the last installment matures or the entire debt is due.

7. SAME—*requiring statement of sub-contractor.* The owner, having notice of the claim of the sub-contractor, may require the statement, under oath, of the contractor, provided for under section 35 of the act, showing the persons employed, the sub-contractors, the terms of the sub-contracts, and how much is due to them, and thus protect himself in all settlements with the contractor.

8. CORPORATION—*service of notice.* A notice given by a corporation claiming a mechanic's lien as a sub-contractor, is not insufficient because signed by the corporation, by its attorney, and not under the corporate seal.

APPEAL from the Appellate Court for the First District;— heard in that court on appeal from the Circuit Court of Cook county; the Hon. L. C. COLLINS, Judge, presiding.

Mr. ISRAEL COWEN, for the appellant.

Mr. JAMES A. FULLENWIDER, *pro se.*

Mr. JUSTICE SHOPE delivered the opinion of the Court:

This was a proceeding to enforce a mechanic's lien by appellants for material furnished to a contractor with appellee, who erected a house for appellee upon certain lots of which he was owner. Section 29, chapter 82, of the statute, gives to every sub-contractor, mechanic, workman or other person who shall, in pursuance of the purposes of the original contract between the owner of any lot or piece of ground and the original contractor, perform any labor or furnish any material in building, altering, repairing, etc., any house or other building, shall have a lien for the value of such labor and materials, upon the house and lot, etc. Section 30 of the act provides that the person performing such labor or furnishing material shall cause a notice, in writing, to be served on the owner or his agent, the form of which notice is prescribed by the statute; and it is provided therein that such notice shall not be necessary when the sworn statement of the contractor, provided for in section 35 of the act, shall serve to give the true owner notice of the amount due and to whom due. (See *Butler & McCracken* v. *Gain,* 128 Ill. 23.) Section 31 of the act is as follows: "If there is a contract in writing between the contractor and the sub-contractor, a copy of said sub-contract, if the same can be obtained, shall be served with said notice and attached thereto, which notice shall be served within forty days from the completion of said sub-contract, or within forty days after payment should have been made to the person performing such labor or furnishing such material."

We have repeatedly held that the law is to be strictly con-strued, and that a party seeking a lien thereunder must show compliance with its provisions. *Butler et al.* v. *Gain, supra,* and cases cited on page 27.

The principal difficulty in this case arises in construing section 31. It is contended, and has been held by the lower courts, that to preserve a sub-contractor's or material-man's right to a lien, the notice must be served upon the owner after the completion of the sub-contract, or after payment should have been made to the person performing such labor or furnishing the material, and within forty days after the completion of the sub-contract or after the maturity of payment, and that a notice served prior to completion of the sub-contract, or prior to the time when payment should be made by the person performing the labor or furnishing the material, is not a compliance with the statute, and effective to preserve the lien. In this case it appears that, under the sub-contract, appellants, on February 2, 1892, commenced delivering to the contractor and builder, lumber and material to be used in erecting the building. By the contract all materials delivered in one month should be paid for on the first day of the succeeding month. The lumber delivered in February amounted to $214.70, and the balance, amounting in gross to $1241.45, was delivered in March, April, May and June, the last delivery being on the 16th day of the latter month. It is not seriously questioned that this was an entire contract, payments to be made as stipulated.

On February 8, six days after the sub-contract was entered into, and after the delivery of material had begun, appellant served a notice upon appellee, as owner, which, in form, was in strict compliance with the statute. It is said, that to preserve the lien, the notice should have been given after the completion of the delivery, June 16, and within forty days thereof, or after and within forty days of the first day of each month in which the lumber was delivered, for the payment

then falling due under the contract.   We are not inclined to
adopt this construction.   It is to be observed that the 29th
section of the statute creates the lien in favor of the sub-
contractor or material-man without limitation, other than that
the liens therein authorized shall not exceed the price fairly
stipulated to be paid by the owner to the original contractor
for the building or improvement made, and shall not exceed
the amount of indebtedness due from the owner to the origi-
nal contractor.   (Sec. 33.)   The purpose of sections 30 and
31 was to require notice to the owner, to the end that he
should be protected against liens of which he had no notice.
That the legislature had this purpose in view is clearly evinced
by the proviso to section 30, that "such notice shall not be
necessary where the sworn statement of the contractor pro-
vided for in section 35" of the act "shall serve to give notice
to the true owner of the amount due and to whom due."   And
in the *Butler-Gains case, supra,* it was held, that where the
contractor furnished the owner with a sworn statement, as
provided in section 35 of the act, all the purposes intended
by the notice provided for in section 30 are accomplished,
and that the sub-contractor or material-man would not be
required to serve the notice provided for in the latter section.

It might again be remarked that there is nothing in the pre-
scribed notice to indicate that the work has been completed
or that the money is due.   It is: "You are hereby notified
that I have been employed by . . . . . . to (here state whether
to labor or furnish material, and substantially the nature of
the undertaking, etc.,) and that I shall hold the building, etc.,
liable for the amount that is or may become due me on ac-
count thereof."   It is apparent that, within the legislative
contemplation, the notice would apply to contracts to labor or
furnish material in the future, as well as to sums of money
to become due; and while the substance of the notice, or sub-
stantial form of it, only, is prescribed, it clearly shows that
the attention of the legislature was directed to, and the notice

intended to apply to, sub-contracts not completed when it was given.

Keeping in view the purpose of requiring notice to enable the sub-contractor or material-man to enforce a lien upon the building and lot, what is fairly intended by the requirements of section 31, that the notice shall be served within forty days from the completion of the sub-contract, etc. ? It was clearly intended to place a limitation of time, beyond which notice would cease to be effective to protect the rights of the sub-contractor under section 29 of the statute. The legislature has fixed forty days from or after the completion of the sub-contract, or from or after the time payments thereunder would become due, as the period after which notice would cease to be effective to preserve the sub-contractor's lien. This seems to admit of no controversy. "From the completion of the contract" would necessarily mean "after" the completion of the contract. But it will be observed that the statute does not prescribe that the notice shall be served within *the forty days* from or after the completion of the contract, etc. True, it says the "notice shall be served within forty days from the completion" of said sub-contract; but the word "within," as here employed, is clearly used as a preposition, and in the sense that the service of notice is to be within the limit or compass of forty days after the completion of the sub-contract or the maturity of payments thereunder, and not later. The second definition given by Webster is : "in the limits or compass of; not further in length than; not exceeding in quantity ;" and the third : "inside the limits of; not going outside of; not beyond or exceeding." And it seems too clear for argument that the clause of the statute is to be read, that said notice shall be served not beyond, or later in time than, forty days after the completion of the sub-contract or the maturity of payment. No other construction is reasonable, in view of the purposes and intent of the legislature in requiring the notice to be given. (*Havighorst* v. *Lindberg*, 67 Ill. 463.) If

the object is to notify the owner, so that he shall reserve in his settlements with the original contractor sufficient to discharge sub-contractors' liens, which would be eminently just and in accordance with the spirit of the statute, that end is as well accomplished by a notice served before the completion of the work or furnishing of material, or before the indebtedness of the contractor to the sub-contractor matures, as it would be by its subsequent service. The owner, having notice of the claim of the sub-contractor, may require the statement, under oath, of the contractor, provided for in section 35 of the act, showing the persons employed, the sub-contractors, the terms of the sub-contracts, and how much is due to any of them, and thus protect himself in all settlements with the contractor. By the 36th section of the act a penalty is imposed upon the contractor for failure to make such statement whenever requested. Indeed, by the service prior to the completion of the work the rights of all parties are preserved, and this was the evident purpose and intention of the enactment. To hold otherwise would not only do violence to the language of the statute and the evident purpose and intention of the legislature, but would lead to the grossest abuses. In *Butler et al.* v. *Gain, supra,* we held, and properly, that while the owner might, under section 35 of the statute, require the sworn statement from the contractor therein prescribed to be made, yet he was not obliged to do so, and that to protect the lien of the sub-contractor, if such sworn statement was not made, the sub-contractor, to protect himself, must give the notice required by sections 30 and 31. And it would follow, that if the sub-contractor may not give notice before the completion of the sub-contract, or before the payment thereunder matures, a settlement between the owner and the original contractor before such completion or maturity would be an effectual bar to the enforcement of the sub-contractor's lien. *Northwestern Railroad Co.* v. *Howison,* 81 Va. 125 ; 2 Jones on Liens, sec. 1286.

Further discussion need not be indulged. The statute clearly contemplates the giving of notice at any time after the sub-contract is made and before the expiration of forty days from the completion of the sub-contract, or forty days after payment should have been made to the person performing the labor or furnishing the material.

It is objected that the notice was insufficient, because signed by the sub-contractor by its attorney, and without the seal of the corporation. Whatever may have been the holding formerly, at common law, under the rule as it has been relaxed in this country and in England, the contention is without merit. "In this country, where private corporations for every purpose are so multiplied that their facility for action has become a matter of public importance, in the language of Kent, (2 Kent's Com. 289,) 'the old technical rule has been condemned as impolitic, and essentially discarded.'" Angell & Ames on Corp. secs. 282, 219; *Donehoe* v. *Scott*, 12 Pa. St. 45; Story on Agency, 47-52, and cases cited.

The ground of demurrer that the bill was not filed within the time limited by the statute, is also untenable. Section 47 of the act requires that the petition to enforce the lien created by section 29 of the act shall be filed within three months "from the time of performance of the sub-contract or doing the work or furnishing the materials," etc. The bill alleges a verbal contract between complainant and the contractor, by which the former was to furnish lumber to be used in the construction of the building, "as the progress of the building required." It is then alleged that the performance of this contract was completed June 16. The bill was filed August 25 following, and within three months from the performance of the sub-contract, and the contention is therefore without force.

The notice given, as we have seen, in compliance with the statute, applied to all the material delivered under the sub-contract, and the lien for the amount accruing therefor was

in nowise affected by the fact that by the terms of the original sub-contract it was to be paid in installments.   The subcontractor was not required to bring suit for each separate installment, or within three months of the maturity of each installment, but within three months of the performance of the sub-contract.

We are of opinion that the circuit court erred in sustaining the demurrer and dismissing the amended bill.   The judgment of the Appellate Court and the decree of the circuit court are reversed, and the cause is remanded to the circuit court for further proceeding not inconsistent with this opinion.

*Judgment reversed.*