## American Radiator Company, Appellee, v. Charles A. Blakie et al., Appellants.

1. MECHANIC'S LIENS—*when notice by subcontractor sufficient.* The purpose of the notice required to be given by a subcontractor is to inform the owner of the amount claimed by the subcontractor so that the amount may be retained by the owner from the sum due the contractor. *Held,* in this case, that it was not necessary to specify the particular number of radiators upon which the claim was predicated.

2. MECHANIC'S LIENS—*what objections to notice of subcontractor not available.* The authority of the person giving a subcontractor's notice cannot be first questioned on review.

3. MECHANIC'S LIENS—*when subcontractor entitled to lien.* Notwithstanding material may have been shipped by the contractor for cash and the terms afterwards changed, if at the time notice is given by the subcontractor an indebtedness exists to him from the contractor such subcontractor is entitled to a lien against the property for the material to the extent that the owner was indebted to the contractor and also to the extent that the owner has paid the contractor in violation of statute.

Appeal from the Circuit Court of Wabash county; the Hon. E. E. NEWLIN, Judge, presiding. Heard in this court at the March term, 1911. Affirmed. Opinion filed November 11, 1911.

E. B. GREEN and THEODORE G. RISLEY, for appellants.

HOWARD P. FRENCH, for appellee.

MR. PRESIDING JUSTICE SHIRLEY delivered the opinion of the court.

The decree in this case declared a lien in favor of appellee for the sum of $146.63.

Appellants about July 1, 1910, entered into a contract with the firm of Struby and Harris to place in their dwelling on real estate owned by them a heating plant to cost $414. After this contract was made Struby and Harris ordered and received from appellee one boiler and nine radiators and placed them in the dwelling as part of the plant. The contract price was $74.30 for the boiler and $72.33 for the radiators, a total of $146.63. The boiler was shipped from Buffalo, N. Y., on September 8th and the radiators from Litchfield, Illinois, September 7, 1910. The boiler was shipped cash, the radiators on thirty days' time. After the boiler was shipped the terms were changed by appellee to thirty days' time. On October 10th, following, appellee served a subcontractor's notice on appellants that it had been employed by Struby and Harris to furnish material consisting of boiler and radiators under a contract between said firm and appellants on appellants' property (describing it), and that there was due therefor the sum of $146.63 and that the appellee would hold the premises liable for the amount.

It appears from the testimony of appellant, Charles Blakie, that before the boiler and radiators were delivered Struby represented to Blakie that he had the material with bill of lading attached and could not get it until he had paid for it, whereupon Blakie paid him $300 on the contract with which to pay the draft; that Blakie did not know of the change in the terms of sale of the boiler by appellee from cash to thirty days' credit and he further testified that Struby and

Harris did not complete the job. Struby and Harris paid nothing on the material.

It further appears appellant Blakie made the payment of $300 without requiring a sworn statement from Struby and Harris as provided in section 5 of the mechanics lien law.

It is first contended by appellants that the decree declaring a lien is erroneous for the reason the notice of appellee was insufficient to create a lien; that there was not a substantial description of the material furnished and the notice was not sufficiently signed.

The form of such notice by a subcontractor required by section 24 of the statute concerning liens is as follows:

"To (name of the owner): You are hereby notified that I have been employed by (the name of contractor) to (state here what was the contract, or what was done, or to be done or what the claim is for) under his contract with you on your property at (here give substantial description of the property) and there is due to me or is to become due (as the case may be) therefor the sum of......................dollars.

Dated at............this........day of..........
A. D........
                (Signature)...................."

The purpose of this notice is to notify the owner of the amount claimed by the subcontractor so that the amount may be retained by the owner from the sum due the contractor. It was not necessary particularly to specify the number of radiators. The notice stated the claim was for radiators furnished and this was a substantial compliance with the requirement of the statute. The notice was signed "American Radiator Co. by Ralph W. Condee," and it is argued that it does not appear in what capacity Condee was acting for appellee. The authority of Condee to give the notice for the appellee cannot be raised here since it was not raised in the trial court. No objection was made to the introduction of the notice in evidence.

It is further contended the transaction being a cash

sale under the original contract between the contractors, Struby and Harris, and appellee, the lien law did not apply. Notwithstanding the boiler was shipped cash and the terms afterwards changed, at the time the notice was given Struby and Harris were indebted to appellee for both boiler and radiators, and appellee was entitled to a lien against the property for the material to the extent that the owner was indebted to the contractors and also to the extent that the owner had paid the contractor in violation of section 5 of the lien law. That section provides:

"That it shall be the duty of the contractor to give the owner, and the duty of the owner to require of the contractor * * * before the owner shall pay * * * to said contractor or to his order any money or other consideration due or to become due such contractor, or make or cause to be made to such contractor any advancement of any moneys or any other consideration, a statement in writing under oath or verified by affidavit of the names of all parties furnishing material and labor and of the amount due or to become due each * * *."

Section 32 provides:

"No payment to the contractor or to his order of any money or other considerations due or to become due the contractor, shall be regarded as rightfully made as against the subcontractor laborer or party furnishing labor or materials if made by the owner without exercising and enforcing the rights and powers conferred on him in Sec. 5 * * * of this act."

Appellant not having required of the contractors, Struby and Harris, the affidavit provided for in section 5 *supra* but having paid them $300 without such affidavit, the sum of the payment was not rightfully made under sections 5 and 32, and did not relieve appellants' property from a lien in favor of appellee for the payment of its claim of $146.63, for the material which had been furnished at the time of the payment.

Appellants could have protected both appellee and themselves by requiring of Struby and Harris the affidavit provided for in section 5.

Finding no error in the decree, it will be affirmed.

*Affirmed.*