I. **Lurya Lumber Company, Defendant in Error v. Abraham Bernstein et al.**

**Abraham Bernstein, Plaintiff in Error.**

**Gen. No. 16,320.**

1. MECHANIC'S LIENS—*when subcontractor's notice sufficient. Held,* that the notice of the subcontractor given to the owner set forth in this opinion was sufficient to entitle him to enforce a lien against such owner.

2. MECHANIC'S LIENS—*what contractors proper to be named in notice of subcontractor.* A notice of a subcontractor properly names as contractors those who were contractors at the time of the service of the notice upon the owner.

3. MECHANIC'S LIENS—*how act construed.* While this act is in derogation of the common law and should be strictly construed yet the construction should be reasonable and such as will render it effectual.

4. MECHANIC'S LIENS—*when subcontractor entitled to recover at law.* A subcontractor who in an action in the Municipal Court against the owner and the contractors proves his right to a lien on the date when he commenced his suit he is entitled to recover the amount shown to be due him against such owner and contractors, and it is not incumbent upon him to prove that he has instituted a suit in equity to enforce his lien pursuant to the requirements of a notice served upon him by the owner.

5. CONTRACTS—*when estoppel to deny arises.* If the original contract introduced in evidence in an action by a subcontractor against the owner was attached to the plea interposed by such owner to the action, such owner is estopped to deny such contract and the fact that it was signed by the contractors, where his plea avers that such contract was entered into and was actually signed by the contractors.

Error to the Municipal Court of Chicago; the Hon. JOHN H. HOUSTON, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1910. Affirmed. Opinion filed March 13, 1912. Rehearing denied March 28, 1912.

**Statement by the Court.** This writ of error is prosecuted by Abraham Bernstein to review a record of the Municipal Court by which it appears that I. Lurya Lumber Company obtained a judgment at law in the sum of $312.42 against plaintiff in error, and Harry Stone, Max Hanoch and Barnet Luntz. The court also found that the defendant in error had proved that it had a lien upon the premises described as west half of lot 14, block 5, in Brainard & Evans Addition to Chicago.

The statement of claim is for lumber delivered to said premises owned by plaintiff in error, under contract with Stone, Hanoch and Luntz, contractors with plaintiff in error to erect a building on said premises, the last lumber being delivered August 25, 1908. Plaintiff in error pleaded in abatement, that on October 21, 1908, he served notices in writing signed by himself, on said contractors and defendant in error, stating that he was owner of said premises and required each of said parties to commence a suit within thirty days to enforce any claim or lien he might have against said premises for work or material furnished, etc. Said plea further set forth that defendant in error is a subcontractor and performed certain work and furnished certain materials for said premises under a written contract which plaintiff in error had with Hanoch and Luntz, dated June 19, 1908; that said contract provided that said contractors should build up a

second floor with brick walls, uniform in height and length with the front of the building which stood on said premises according to certain plans and specifications, etc.; that plaintiff in error agreed to pay said contractors therefor $1,800; that said contractors received therefor between $1,450 and $1,500; that the work was never completed and the balance due is insufficient to pay all claimants under the statute; that plaintiff cannot maintain this suit, but should have filed a bill or petition within thirty days after said notice. Prays that writ be quashed and suit abated, and plea is verified by affidavit, and a copy of the building contract is attached to the plea.

BLUM & BLUM, for plaintiff in error.

HARRY M. FISHER, for defendant in error.

MR. JUSTICE DUNCAN delivered the opinion of the court.

*First.* Plaintiff in error insists that defendant in error's notice is insufficient to give him a subcontractor's lien under the statute. Omitting the description of the premises which is correctly given, the notice is as follows:

"To ABRAHAM BERNSTEIN:

You are hereby notified, that I. Lurya Lumber Co. have been employed by Hanoch & Stone to furnish lumber under his contract with you on your property described as follows: * * * and that there was due the undersigned on the twenty-fifth day of August, 1908, therefor the sum of Two Hundred Ninety Four and 2/100 dollars, and that the undersigned will hold the buildings and your interest in the grounds liable for the amount that was due and unpaid the undersigned on account thereof. Dated at Chicago, Illinois, this Twentieth day of October, A. D. 1908.

I. LURYA LUMBER Co.,
Per M. JOSEPH.''

The said notice was served on plaintiff in error the day of its date by said M. Joseph who was proved to be the secretary of defendant in error on that date. The notice complies substantially with all the requirements of Par. 38 of the Lien Act and is sufficient. Chap. 82, Hurd's Stat., 1909.

The contractors originally were Hanoch and Luntz, who were partners, but the partnership was dissolved, Luntz paid off and Stone substituted in his stead by agreement of the contractors and the plaintiff in error, and Hanoch and Stone were the contractors when the notice was served and were the proper ones to be named therein as contractors. Par. 36, Sec. 22, Chap. 82 Hurd.

It was not necessary that the notice have the seal of the corporation attached, nor that the designation of secretary be added to Joseph's name. Plaintiff in error was served with a written notice of the claim of defendant in error and the amount due it in the form prescribed by the statute, and the notice was sufficient to protect defendant in error to the extent of the amount named in the notice. While the lien law is in derogation of the common law and should be strictly construed, yet, the construction should be reasonable, and such as will render it effectual. Culver v. Schroth, 153 Ill. 437; Cary-Lombard L. Co. v. Fullenwider, 150 Ill. 629.

*Second.* The contract between the owner and the contractors was amply proved. The original contract introduced in evidence was attached to plaintiff in error's plea, and in that plea it is averred to be the contract entered into between the owners and said contractors, and the plea sets out the contract as actually signed by the contractors. They were thereby estopped to deny the contract or the fact that it was signed by the contractors. A verbal contract, however, was sufficient under the statute and the proof not only establishes the contract, but that it was performed by

the contractors and money paid to them thereon by plaintiff in error.

*Third.* The evidence not only proves that the lumber for which the lien is claimed was delivered, but that it was all actually used in the building. Hanoch so testified, and there is no evidence in the record that the material was not delivered.

*Fourth and Fifth.* The fourth and fifth contentions of plaintiff in error have already been practically disposed of in this opinion. The trial was before the court without a jury. The competent evidence showed a substitution of Stone in the place of Luntz as a contractor, by agreement of plaintiff in error, and the question of whether or not the written evidence thereof was properly or improperly admitted in evidence is not material. It is sufficient to say that there is no evidence against the testimony that such substitution was made. The testimony also shows that the lumber in question was all delivered and used by the contractors, and that one of the three contractors made an order for it as delivered. An order by any one of the contractors was binding on all of them, whether partners or joint contractors, simply, and necessarily so when used by them in the building.

*Sixth.* It is finally insisted that the court had no jurisdiction of the subject-matter of the suit, and that the lien was forfeited by defendant in error for failure to bring suit within thirty days after notice to do so, as provided by Par. 48, Sec. 34 of the Mechanic's Lien Act. The notice of plaintiff in error to defendant in error to bring suit was given Oct. 21, 1908, as averred in the plea in abatement. Defendant in error's suit was begun in the Municipal Court, Nov. 19, 1908, by the filing of a praecipe and statement of its claim and the issuing of a summons. There is no evidence in the record that a suit in equity had not been brought to enforce defendant in error's lien, within the thirty days after Oct. 21, 1908, and this court cannot pre-

sume that such is the fact. There is, therefore, no evi-dence of a forfeiture of the lien in the record. The defendant in error proved his right to a lien for his claim on the premises in question on the day this suit was brought, and the court properly so found, and also found that the lien dated from August 25, 1908, and gave judgment for the said sum of $294.02 and inter-est thereon from August 25, 1908, to day of trial, Dec. 8, 1909. The court had jurisdiction to render such a judgment in an action of *assumpsit,* and the judgment was properly rendered against the owner and Hanoch and Stone jointly. Chap. 82, Par. 42, Sec. 28, Hurd's Statutes of 1909; Harty Bros. v. Polakow, 237 Ill. 559.

If it be conceded that the judgment should not have been entered against Luntz, it may be answered that the assignment of errors does not question the judg-ment in that particular, and Luntz is not contesting the judgment here.

The judgment is affirmed.

*Judgment affirmed.*