GREENLEAF WOOD *vs.* CHANDLER DECOSTER *et al.*

Oxford, 1876.—February 25, 1877.

*Debt.   Demurrer.*

The assignee of a judgment for debt and cost may maintain an action of debt thereon in his own name, under and by virtue of the statute of 1874, c. 235.

The statute of 1876, expressly conferring this right, does not affect the right, previously existing under the statute of 1874.

Nor is the right confined to the immediate assignee of the judgment creditor; the remedy is available to any subsequent assignee who can show a good title.

Upon demurrer to a declaration alleging the sale, transfer, and assignment, the presumption is, that the assignment is valid under the statute; and if the defendant would contest its validity or sufficiency, he must do it by plea or brief statement.

Neither that question nor any alleged failure to file the assignment with the writ in conformity with the requirements of the statute, is open to him on demurrer.

Where one of two co-defendants demur, and the allegations in the declaration are, as to him, specific and sufficient, the want of a precise and formal allegation as to his co-defendant, will not suffice to sustain his demurrer.

Nor will erroneous mention, in some parts of the declaration, of the defendants as singular, when they are in fact plural, or of the plaintiff as plural, when there is but one, suffice to defeat the action, if upon the declaration as a whole, the persons and case can be rightly understood.

ON EXCEPTIONS to the overruling of a general demurrer to the declaration.

DEBT on a judgment of this court in Oxford county, recovered at the March term, 1867, in favor of Sullivan C. Andrews against these two defendants, brought in the name of the plaintiff as assignee of one Bisbee, who was the assignee of Andrews, alleging assignments, but not alleging that the assignments were in writing, and no copy of assignment being filed with the writ. The declaration closed as follows : "Whereby an action hath accrued to the plaintiff, to have and recover of the said Chandler Decoster, (omitting the name of the defendant, Addison G. Wood,) the sums, [&c.] Yet the said defendant (singular,) has not paid and doth wholly refuse," [&c.] "To the damage of the plaintiffs."

To the foregoing, the following demurrer was filed : (After stating the term,) "*Greenleaf Wood* v. *Chandler Decoster*, (omit-

ting the name of Wood.)    And now the defendant comes and
defends, &c., when, &c., and says that the plaintiff's declaration
is insufficient in law."    The demurrer was joined and the declara-
tion adjudged good; and the defendant alleged exceptions.

*G. A. Wilson,* for the defendants, to the point that such action
brought in the name of an assignee, could not be sustained at
common law, cited *Skinner* v. *Somes,* 14 Mass. 107.    To the
point that by legislative construction, "judgments" were not in-
cluded under the term "choses in action," upon which, under the
statute of 1874, c. 235, assignees may maintain actions in their
own names, he cited the statute of 1876, c. 102, § 2, which extends
the statute of 1874, so as to embrace judgments.

If the law court should hold that an action could be sustained
under c. 235, in the name of the assignee of a judgment, he then
urged that the writ was defective in not declaring the assignment
of the judgment to have been in writing, and in not having a copy
of the judgment filed with it, as required by the statute.    *Drowne*
v. *Stimpson,* 2 Mass. 441, 444.    *Soper* v. *Harvard College,* 1
Pick. 177.    *Williams* v. *Hingham & Quincy Bridge,* 4 Pick.
341.

*G. D. Bisbee,* for the plaintiff.

BARROWS, J.    The demurrer presents the naked question of the
sufficiency of the declaration in a writ in which Decoster and
another are named as defendants.    The declaration is in a plea
of debt, and sets out in the usual form that one Andrews at the
March term, 1867, recovered a judgment for debt and costs against
the defendants, and that said Andrews, on April 10, 1875, for a
valuable consideration, "did transfer, sell, and assign" the same to
one Bisbee, and that said Bisbee on June 1, 1875, for a like con-
sideration paid by the plaintiff, did transfer, sell and assign the
same to him.    It avers that said judgment is in full force, &c.,
"whereby an action hath accrued to the plaintiff to have and
recover of the said Chandler Decoster the said several sums," &c.,
"yet the said defendant has not paid the same," and it concludes
with the ordinary averments of request and neglect and refusal by
both defendants, "to the damage of said plaintiffs."    Decoster
alone demurs generally.

Though not a model of careful pleading, we think the persons and case can be rightly understood, and that the declaration was correctly adjudged good on demurrer.

Chapter 235, of the laws of 1874, runs thus : "Assignees of choses in action, not negotiable, assigned in writing, are hereby authorized to bring and maintain actions in their own name, and the assignee shall hold the assignor harmless of costs, and shall file with his writ the assignment or a copy thereof, and all rights of set-off shall be preserved to the defendant."

In support of the demurrer it is claimed that a judgment is not properly speaking, a chose in action, and therefore this statute is not applicable, and the laws of 1876, c. 102, § 2, by which an action of debt is expressly given to the assignee of a judgment which has been assigned in writing, and is not discharged, is cited to show that in the opinion of the legislature no such action could be previously maintained. But the construction of the law of 1874, is not affected by the later statute. Instances are not wanting in which the legislature, designing to make the law more explicit, have enacted statutes which are found to be only declaratory of the law as it previously existed. It may be that here the statute of 1876 extends an assignee's remedy to judgments upon which execution might issue. But the question is, what is the true construction of the law of 1874? Chancellor Kent defines choses in action as "personal rights not reduced to possession, but recoverable by a suit at law." 2 Kent's Com., part V., p. 351.

There can be no doubt that a judgment which has remained unsatisfied from 1867, to 1875, and upon which apparently no execution could now issue, and which must be collected, if at all, by a new suit, comes strictly within this definition. Inasmuch as the execution is one step in a suit at law, necessary to the enforcement of the creditor's rights, it might well be said that a judgment upon which execution could issue, falls within the same category.

Kent and all standard writers on elementary law include under the general head of things in action, "money due on bond, note, or other contract." A debt of record constitutes a contract of the highest nature, being established by the sentence of a court

of judicature. 2 Black. Com., c. 30, p. 465. There can be no question that the statute of 1874, authorized the assignee of a judgment like this to maintain a suit thereon in his own name. Nor do we think that this right is confined to the first assignee. The remedy is available to any subsequent assignee who can show a good title from the judgment creditor.

The demurrer admits the assignment ; and the presumption is, that it is a valid assignment. If the defendant would have questioned its validity or sufficiency, he should have done so by plea or brief statement. *Lawrence* v. *Chase,* 54 Maine, 196, 199.

While it would have obviously been the better practice for the plaintiff to set out his title and the mode of transfer more fully, we do not think that the failure to do so can be regarded as fatal under the pleadings. The same must be said of any alleged failure to file the assignment with the writ, according to the requirement of the statute.

As against this defendant, Decoster, the right to maintain the action is specifically alleged. The other defendant, not appearing, can never be heard in error to allege any want of form. *Page* v. *Danforth,* 53 Maine, 174. The defect as to him, cannot avail this defendant. Had there been an absolute non-joinder, it would have been good only in abatement. There seems to have been some confusion in the pleader's mind as to the respective number of the parties plaintiff and defendant; but for reasons before alluded to, we see nothing that can be regarded as fatal on demurrer. *Exceptions overruled.*

APPLETON, C. J., DICKERSON, DANFORTH, VIRGIN and LIBBEY, JJ., concurred.