Louisville, Evansville and St. Louis Consolidated R. R. Co.

*v.*

Clara Surwald, Admx.

*Filed at Mt. Vernon October 27, 1893.*

1. PRACTICE—*successor of a corporation—becoming party defendant.* If the interest of a defendant corporation in a suit, pending the litigation, passes to a successor, and the latter desires to become a party defendant, it should disclose that fact to the court in the appropriate way, and then an order may be entered making it a party.

2. The mere suggestion that since the commencement of the suit the defendant has become merged in another corporation, is not sufficient to make the latter a party, so as to entitle it to take an appeal from the final order or decree in the case.

3. APPEAL—*who may prosecute.* The right to an appeal is purely statutory, and there is no statute that authorizes an appeal by a person not a party to the suit.

APPEAL from the Appellate Court for the Fourth District;— heard in that court on appeal from the Circuit Court of St. Clair county; the Hon. W. H. SNYDER, Judge, presiding.

Messrs. G. &. G. A. KOERNER, for the appellant.

Mr. C. W. THOMAS, for the appellee.

Per CURIAM: The following statement of the case by the Appellate Court sufficiently presents the facts:

"Appellee filed in the county court of St. Clair county a petition to sell leasehold interest of lands to pay debts, when, on hearing, the petition was dismissed. Appellee appealed to the circuit court, and, on hearing, a decree for the sale of interest in lands to pay debts was entered. The appellant was not a party to that decree. The defendants to the petition were the Illinois and St. Louis Railroad and Coal Company and the East St. Louis Elevator Company. The only

manner in which the appellant is connected with this case appears in the following order of court :

"And now, on this second day of July, A. D. 1889, the same being the seventh Tuesday of said term, come again the parties, by their respective solicitors, and the defendant's motion for a new hearing is heard, and by the court denied.   And thereupon the solicitor for the defendants suggests to the court that since the commencement of this suit the defendant, the Illinois and St. Louis Railroad and Coal Company, has become merged by consolidation with the Louisville, Evansville and St. Louis Consolidated Railroad Company, and on behalf of said Louisville, Evansville and St. Louis Consolidated Railroad Company prays an appeal to the Appellate Court, which is allowed upon condition that the said Louisville, Evansville and St. Louis Consolidated Railroad Company, or either of the defendants, file an appeal bond in the sum of $400, with security to be approved by the clerk of the court, within forty days from this date, and a certificate of the evidence or bill of exceptions within the same time."

The Appellate Court, on motion of appellee, entered an order dismissing the appeal.   From that order this further appeal is prosecuted.

No legal steps were taken by the appellant to be made or substituted as a party defendant in the proceedings.   If it had become, pending the litigation, the successor in interest of the defendant, that fact should have been disclosed to the court in the appropriate way, and then the proper order might have been had making it a party.   (*Scott* v. *Milliken*, 60 Ill. 108; *Mercantile Ins. Co.* v. *Jaynes et al.* 87 id. 199; *Lawrence* v. *Lane*, 4 Gilm. 354.)   The mere suggestion that since the commencement of the suit the defendant had become merged in appellant corporation, was not sufficient to make the latter a party so as to entitle it to effect an appeal.   "The right to an appeal is purely statutory, and no statute exists, of which we are aware, that authorizes an appeal by a person not a party

to the suit." *Hesing* v. *Attorney General et al.* 104 Ill. 295; *Rorke* v. *Goldstein,* 86 id. 568.

The order and judgment of the Appellate Court dismissing the appeal were correct, and will be affirmed.

*Judgment affirmed.*

Mr. JUSTICE PHILLIPS took no part in the consideration of this case.