Louisville, Evansville and St. Louis Consolidated R. R. Co.

*v.*

Clara Surwald, Admx.

*Filed at Mt. Vernon June 19, 1894.*

1. Appeals and Writs of Error—*who may prosecute.* One not a party to a decree, authorizing an administrator to sell lands to pay debts of the intestate, and who is not shown in any way to have any interest in the subject matter of the litigation, can not maintain an appeal or writ of error to reverse the decree.

2. It is a familiar rule that a party can not complain of a judgment or decree which does not affect him or his property in some manner. As a general rule, a writ of error should be sued out in the same names in which the proceedings in the circuit or trial court were conducted.

Writ of Error to the Appellate Court for the Fourth District;—heard in that court on appeal from the Circuit Court of St. Clair county; the Hon. B. R. Burroughs, Judge, presiding.

Messrs. G. & G. A. Koerner, for the plaintiff in error.

Mr. Charles W. Thomas, for the defendant in error.

Mr. Justice Craig delivered the opinion of the Court:

On a petition for leave to sell real estate, in the case of Clara Surwald, administratrix of the estate of Frederick Surwald, deceased, against the Illinois and St. Louis Railroad and Coal Company and the East St. Louis Elevator Company, the circuit court of St. Clair county entered a decree directing a sale of real estate to pay debts. To reverse that decree the Louisville, Evansville and St. Louis Consolidated Railroad Company appealed to the Appellate Court. In that court, on the motion of appellee, the appeal was dismissed, on the ground that appellant was not a party to the action in the circuit court. In order to reverse the judgment of the Appel-

late Court the Louisville, Evansville and St. Louis Consolidated Railroad Company sued out this writ of error.

The appellant was not a party to the petition to sell real estate, nor was any decree rendered against it, and so far as appears from the record it has no interest whatever in the subject matter of that litigation. Under such circumstances we perceive no ground upon which the plaintiff in error here could maintain an appeal in the Appellate Court. It is a familiar rule that a party can not complain of a judgment or decree which does not affect him or his property in some manner. As a general rule, a writ of error should be sued out in the same names in which the proceedings in the circuit court were conducted. *Robson* v. *Magenly,* 28 Ill. 426.

It is, however, suggested in the argument, that since the proceeding was commenced to sell lands, by the administratrix, the Illinois and St. Louis Railroad and Coal Company, one of the defendants in that proceeding, has become merged, by consolidation, with the Louisville, Evansville and St. Louis Consolidated Railroad Company. But there is nothing in the record to show that fact, and, as was held on appeal between the same parties, (147 Ill. 194,) a mere suggestion is not sufficient to make the appellant a party so as to entitle it to appeal or sue out a writ of error. As the appellant was not a party to the action, and did not appear to have any interest in the subject matter of the suit, we do not think it had any right to maintain an appeal to review the decree of the circuit court.

The judgment of the Appellate Court dismissing the appeal will be affirmed.

*Judgment affirmed.*