## John Brown, William T. Jebb, and Albert F. Conrad, Sheriff, etc., v. William A. Starin, Assignee, etc.

1. ASSIGNMENT FOR THE BENEFIT OF CREDITORS—*Does Not Pass Property Levied Upon.*—Where a sheriff obtains possession of property under an execution issued from the Circuit Court, and the defendant in execution afterward makes an assignment, the jurisdiction over the property does not pass to the County Court and to the assignee.

2. SAME—*Power of the County Court to Restrain the Sheriff from Selling Property.*—Where a debtor makes an assignment of his property for the benefit of his creditors, a portion of which is in the possession of the sheriff on executions previously issued, the County Court has no jurisdiction to enter an order restraining the sheriff from selling the property.

3. SAME—*Of Property in the Possession of the Sheriff.*—An assignment by an insolvent debtor of property in the hands of the sheriff, under executions against him, only carries a lien to the surplus after discharging the lien of the execution.

4. SAME—*Does Not Affect Judgment Liens Upon Real Estate.*—A person who has recovered a judgment against another in the Circuit Court, and which is a lien upon the real estate of the defendant, is not deprived of his right to enforce his remedy in that forum by reason of a subsequent assignment for the benefit of creditors by the defendant.

5. SAME—*Judgment Creditors Do Not Waive Rights by Filing Claims for Allowance.*—A judgment creditor, whose judgment is in the Circuit Court, does not waive his right to enforce his judgment by execution from the Circuit Court upon the realty of the defendant, by filing his claim with the assignee of the judgment debtor for allowance in the County Court.

**Memorandum.**—Appeal from an interlocutory order under the voluntary assignment act, entered by the County Court of Lake County; the Hon. FRANCIS E. CLARK, Judge, presiding. Heard in this court at the May term, 1894. Reversed and remanded. Opinion filed December 13, 1894.

COOKE & UPTON, attorneys for appellants.

DUPEE, JUDAH & WILLARD, attorneys for appellee.

MR. PRESIDING JUSTICE LACEY DELIVERED THE OPINION OF THE COURT.

The appellee is the assignee of the United States Starch Works by and of assignment October 26, 1893.

Thirteen judgments were rendered in the Circuit Court against the said starch works August 16, 1893. One in favor of John Brown and the remaining twelve in favor of William T. Jebb.

The Drovers National Bank became the owner of the Brown judgment, and Anna B. Jebb, The United States Sugar Refinery and F. B. Kennard were assignees of the Jebb judgment. The aggregate amount of the judgments was $53,999.92 and the other claims against the starch works aggregated about $80,000.

The several assignees of the said judgments have caused executions to issue out of the Circuit Court in said judgment, and Albert F. Conrad, the sheriff of said county, had advertised the sale of the said starch works, being realty, on the 16th April, 1894.

On the 13th April, the appellee, Starin, being the assignee of said starch works, filed his petition in writing asking for a restraining order against said sale, which on the same day was allowed, and the proposed sale restrained until the further order of the County Court.

The decision and hearing were *ex parte*, but the appellants have appealed therefrom, being parties thereto.

The petition shows the above facts and shows that the assignee was in possession of the starch works, consisting of real estate and the building thereon and machinery, fixtures and appliances in said building, and the same was inventoried by appellee at $66,000, and avers that at a forced sale it would bring less than its real value; that the sale would exhaust the assets, and if applied on the executions, would leave nothing to apply on the other claims. The petition further showed that one Marshall O. Terry, a creditor of the starch works, had filed his bill in chancery in the Circuit Court of Lake County, seeking on equitable grounds to set aside the Jebb judgment as fraudulent, procured through conspiracy between him and a majority of the directors of the starch works, and praying for an injunction against the collection of the same; that the bill had been demurred to and not yet passed on by the court; that on some day in

March the starch works had filed a motion in the Circuit Court to open and vacate six of the said twelve judgments rendered in favor of Jebb, supported by affidavits, and that the Circuit Court had not been able to hear the motion because it had not been in session since the motion was made.

The petition further shows that the assignees of the various judgments had filed alleged proofs of their claims in the County Court upon said judgments with appellee, assignee, on the 13th day of February, 1894, and that said appellee and William G. Comstock, on 14th March, 1894, had filed exceptions thereto; that the exceptions had not been passed on or allowed, and were still pending and undisposed of.

The petitioner claims that the said assignees of the judgments, by filing their claims as alleged, subjected themselves to the jurisdiction of the County Court, and that said County Court could not pass on such claims and can not distribute the assigned property according to such finding on said claims if said property is disposed of by said proposed sale, and that it was indispensable to the protection of the said property and for just distribution of the assets of said starch works; that the same shall remain in possession and control of said court till final hearing shall have been had upon the claims presented against said estate and the rights of the respective claimants there determined.

The above petition in substance was the ground upon which the County Court assumed jurisdiction and entered the order restraining the sheriff's proposed sale.

The appellant objects that the County Court had no jurisdiction, and that even if it had, that the petition failed to show any grounds of relief, inasmuch as it showed no equitable defense to the judgments complained of.

We are of the opinion that the County Court had no jurisdiction to enter the restraining order. It is established in Hanchett v. Waterbury, 115 Ill. 229, that the court first obtaining jurisdiction will hold it; so also, in the case of personal property, where a sheriff obtains possession of personal property under an execution issued from the Circuit Court and an assignment is afterward made, the jurisdic-

tion over the property does not pass to the assignee and to the County Court. The assignment only carries a lien to the surplus after discharging the liens, and to test the validity of the liens, resort by the assignee must be had to the forum from whence the execution issued. Plume & Atwood Mfg. Co. et al. v. Colwell, 136 Ill. 163.

In case of mechanics' lien it has an established claim. Under the statute he does not lose his right to enforce it in the Circuit Court because the owner of the equity of redemption makes an assignment, nor because he may have filed his claim with the assignee and received a general dividend on his claim. Paddock et al. v. Stout et al., 121 Ill. 571.

The principle in the case cited appears to rest on the basis that the statute gives the lienor the right to go into the Circuit Court and enforce his lien as soon as the debt matures. And his right to enforce his remedy in that forum is not taken away by reason of a subsequent assignment for the benefit of creditors, not even if he files his claim with the assignee for payment.

We are of opinion that this is a case analogous in the principles of law involved. The appellants' lien was established on the real estate in question by the recovery of their respective judgments, and they had the undoubted right to an execution from the Circuit Court on such judgments to enforce their liens; and the property being realty, under our statute the sheriff was not required to have possession of it in order to authorize him to make sale of it under his executions.

All that he was required to do was to make a "pen and ink" levy, advertise and make sale; then the holder of the equity of redemption would have the right of redemption given by the statute.

It is true a plaintiff in execution may waive his right to proceed in the forum where he has established his right to seek and enforce his remedy, by, in case of personal property, yielding up his right to have the sheriff proceed under his prior possession and make sale (Plume & Atwood Co. v. Colwell, *supra*), and we have no doubt he might formally yield

his right in case of real estate in some unequivocal way, showing a clear intention so to do, but we do not think that the mere filing his claim with the assignee for allowance would be such an act as would have such an import in reason or justice.    Even if one has a specific lien on real estate he has the undoubted right to take his proportionate share out of other assets on which he has no specific lien, and he is compelled by the statute to file his claim within a certain time or lose such right.

We are therefore of the opinion that the County Court had no jurisdiction to restrain the sheriff from making the sale under his executions.    Such order, if any equitable grounds existed on which to base it, should have been applied for in the Circuit Court or to the judge in vacation, either on motion for stay or by bill for injunction.    Holding want of jurisdiction in the County Court to enter the injunction, it would not be necessary or proper to pass on the question of the sufficiency of the petition in case the court had jurisdiction.

The order of the County Court restraining the sheriff from making sale under levy on the United States Starch Works plant, complained of in appellee's petition, is reversed and the cause remanded.