# CASES

IN THE

# APPELLATE COURTS OF ILLINOIS.

FIRST DISTRICT—OCTOBER TERM, 1897.

## Union National Bank v. Lasow L. Barth.

1. APPEALS AND ERRORS—*Right of Appeal is Purely Statutory.*—The right of appeal does not exist at common law, but is purely and strictly statutory, and when not granted by statute it does not exist.

2. SAME—*A Beneficial Plaintiff Can Not Appeal in His Own Name.*—The right of appeal is granted by the statute only to the parties to a suit, and a beneficial plaintiff is not authorized to appeal in his own name.

Assumpsit, on a promissory note. Appeal from the Circuit Court of Cook County; the Hon. CHARLES G. NEELY, Judge, presiding. Heard in this court at the October term, 1897. Appeal dismissed. Opinion filed March 3, 1898.

TENNEY, McCONNELL, COFFEEN & HARDING, attorneys for appellant.

MORAN, KRAUS & MAYER, attorneys for appellee.

" It is well settled that in suits at law, a person who is interested merely as usee, is not regarded as a party to the suit, and the fact that the suit is brought for his use need not be expressed upon the record, and it follows that the insertion of the name of a usee may be regarded as surplusage, at least on demurrer." American Express Company v. Haggard, 37 Ill. 465; see also Northrop v. McGee,

(383)

20 Ill. App. 108; Morse v. Goetz, 51 Ill. App. 485; Hobson v. McCambridge, 130 Ill. 367; McCormick v. Fulton, 19 Ill. 570.

The rule is established beyond dispute that the usee in an action brought, as was the one in this case, can not in his own name take any step in the case. He has the right to use the name of the nominal plaintiff for all purposes of the suit, and, in case of the refusal of the nominal plaintiff to allow such use of his name, can nevertheless do so on giving satisfactory indemnity. Sumner v. Sleeth, 87 Ill. 500.

Courts can only recognize the nominal plaintiff as the plaintiff, although in modern practice, as a matter of convenience, they will declare and protect the trust. The beneficial plaintiff is not authorized to appeal in his own name, and every step must be taken in that of the nominal plaintiff. McCormick v. Fulton, 19 Ill. 570; Hobson v. McCambridge, 130 Ill. 367; see also Hesing v. Attorney-General, 104 Ill. 292; Louisville, E. & St. L. C. R. R. Co. v. Surwald, 147 Ill. 194; Tedrick v. Wells, 152 Ill. 214.

It is only by the use of the name of the payee that the transferee of an unindorsed note can sue, and there is no provision of law that authorizes the name of the payee to be dropped, as he is a necessary party in every stage of the proceeding. Courts of law can only recognize him as the plaintiff, although in modern practice, as a matter of convenience, they will declare and protect the trust. The beneficial plaintiff is not authorized to appeal in his own name, and every step taken must be in that of the nominal plaintiff. McCormick v. Fulton, use, etc., 19 Ill. 570.

The right to an appeal is purely statutory, and no statute exists that authorizes an appeal by a party not a party to the suit. Louisville, E. & St. L. C. R. R. Co. v. Surwald, 147 Ill. 194; Hesing v. Attorney-General, 104 Ill. 292.

The rule is well settled that an appeal must be perfected or a writ of error sued out by and in the names in which the proceedings below were conducted, and in none other, and an appeal by a person not a party to the record is unauthorized and void. Rorke v. Goldstein, 86 Ill. 568; Hesing v. Attorney-General, 104 Ill. 292; Louisville, E. & St. L. C. R.

R. Co. v. Surwald, 147 Ill. 194; Robinson v. Magarity, 28 Ill. 423; Louisville, E. & St. L. C. R. R. Co. v. Surwald, 150 Ill. 394, and 147 Ill. 194; Glennon v. Britton, 155 Ill. 232; McCormick v. Fulton, 19 Ill. 570, *supra*.

MR. PRESIDING JUSTICE ADAMS DELIVERED THE OPINION OF THE COURT.

Samuel B. Barker, plaintiff in the trial court, sued L. L. Barth, the appellee, in assumpsit, for the use of the Union National Bank of Chicago, appellant, on a promissory note for the sum of $5,000, across the face of which note were written the words, " This note is non-negotiable." It appears that the note was deposited by Barker with the Union National Bank as collateral security for his indebtedness to the bank.

The declaration was filed in the name of Barker, as plaintiff, for the use of appellant, and the suit proceeded to final judgment precisely as if the name of the Union National Bank had not appeared in the record. The cause was submitted to the court for trial, a jury being waived by the parties, and judgment was rendered for the plaintiff for costs only. From this judgment the Union National Bank prayed and was allowed an appeal. The appellee, before the cause was reached for hearing, moved to dismiss the appeal, and this motion was reserved till the hearing, and has been fully argued by counsel for the parties. The question is whether one for whose use a suit is brought can appeal from the judgment rendered in the suit.

The right of appeal does not exist at common law, but is purely and strictly statutory, and when not granted by statute it does not exist. Hileman v. Beale, 115 Ill. 355; Millard v. Board of Education, 116 Ill. 23; Haines v. The People, 97 Ill. 170; Hesing v. Attorney-General, 104 Ill. 292; Louisville, E. & St. L. C. R. R. Co. v. Surwald, 147 Ill. 194; Tedrick v. Wells, 152 Ill. 214; Steger v. Steger, 165 Ill. 579.

The right is granted by statute only to the parties to the suit.

Section 70 of the Practice Act, in relation to appeals to the Supreme Court, provides, among other things, "Any party to such cause shall be permitted to remove the same to the Superior Court by appeal or writ of error, in the same manner as provided in sections sixty-seven (67) and seventy (70) of this act for appeals to said Appellate Court." 3 S. & C. St., p. 3153, par. 91, Sec. 90.

Section 67 of the act, after providing that appeals may be taken from the final judgment of the Appellate Court, contains this provision: "And provided the party praying for such appeal shall, within such time, not less than twenty days, as shall be limited by the court, give and file in the office of the court * * * bonds," etc., Ib., p. 3094, par. 68. Section 70 provides that when judgment shall be rendered against two or more persons, "either one of said persons shall be permitted to remove such suit to the Appellate Court, by appeal or writ of error," etc. By this section the right of appeal is granted only to the person or persons against whom the judgment is rendered. Sections 67 and 70, relating to the same subject-matter, must be construed together.

In Steger v. Steger, *supra*, the court say: "The rule that the right of appeal is limited to parties to the suit, is declared in the following cases: Rorke v. Goldstein, 86 Ill. 568; Hesing v. Attorney-General, 104 Ill. 292; Louisville, Evansville & St. Louis Consolidated Railroad Co. v. Surwald, 150 Ill. 394."

In Glennon v. Britton, 155 Ill. 238, the court say: "The rule appears to be well settled that an appeal must be perfected, or a writ of error sued out, by and in the names in which the proceedings were conducted, and none other (Robinson v. Magarity, 28 Ill. 423; Louisville, E. & St. L. C. Railroad Co. v. Surwald, 150 Ill. 394, and 147 Ill. 194), and that an appeal by a person not a party to the record is unauthorized and void."

Was appellant, the Union National Bank, a party to the record? Appellant is named in the record only as the one for whose use the suit was brought. It is not necessary

L. S. & M. S. Ry. Co. v. Foster.

that the name of the equitable owner, or person for whose use a suit is brought, shall appear in the record (American Express Co. v. Haggard, 37 Ill. 465), and if it does so appear, its only use is " to protect the interest of the usee against the nominal plaintiff." Tedrick v. Wells, 152 Ill. 214; Hobson v. Cambridge et al., 130 Ill. 367.

In the last case the court say: " In McCormick.v. Fulton, 19 Ill. 570, we said : ' As the note was not assigned, the beneficial plaintiff had no right to sue in his own name. It was only by the use of the name of the payee of the note that he could sue, and there is no provision of law that authorizes his name to be dropped in this proceeding. He was a necessary party in every stage of the proceeding. Courts of law can only recognize him as plaintiff, although in modern practice, as a matter of convenience, they will declare and protect the trust. The beneficial plaintiff is not authorized to appeal in his own name, and every step taken must be in the name of the nominal plaintiff.' "

The authorities cited are decisive of the question. Appellant not being a party to the judgment, its appeal is unauthorized and void, and will therefore be dismissed.