**J. L. GATES LAND COMPANY, Plaintiff in error, vs. OLDS, Defendant in error.**

*November 9 — November 29, 1901.*

*Writ of error: What reviewable: Who may sue out: Ejectment: Parties:*
*Rights of mortgagee.*

1. A writ of error to review a judgment does not bring up for review orders made after judgment.
2. To entitle a person to sue out a writ of error and be heard thereon he must be either a party or privy to the record or directly injured by the judgment; and if he is not a party by name his interest should be made to appear by petition or affidavit upon the application for the writ.
3. Where a mortgage was recorded before the commencement of an action of ejectment involving the mortgaged lands, to which the mortgagee was not made a party, the judgment does not in any way affect or impair his rights as mortgagee.

ERROR to review a judgment of the circuit court for Clark county: JAMES O'NEILL, Circuit Judge. *Writ dismissed.*

Writ of error to review judgment of the circuit court for Clark county in an action of ejectment wherein *George H. Olds* was plaintiff, and the A. B. Adams Land Company alone was defendant, rendered January 5, 1899; the notice

of *lis pendens* having been filed on May 15, 1896, and the summons having been served May 20, 1896. The judgment was based upon a stipulation of facts and finding, and adjudged that plaintiff recover of defendant the possession of the premises upon condition that the plaintiff pay to the defendant $185 of taxes and interest, less the costs of that action. On November 14th, the *J. L. Gates Land Company* presented a petition asserting itself to be the holder of a mortgage which was made, executed, delivered, and recorded nearly a year prior to the commencement of the action below, by which it claimed to have a lien upon the interest of the defendant Adams Land Company in the premises, and prayed that it might be made a party, and the money so required to be paid by the plaintiff in that action be ordered to be paid to it, which petition was denied on November 20, 1900; and the *J. L. Gates Land Company* on December 17, 1900, sued out this writ of error, alleging error in the records, proceedings, and judgment in that action.

*Rublee A. Cole*, for the plaintiff in error.

For the defendant in error there was a brief by *L. M. Sturdevant*, attorney, and *R. F. Kountz*, attorney for A. B. Adams Land Company; and oral argument by *Mr. Sturdevant*.

DODGE, J. Writ of error runs only to final judgment, and not to an order. Sec. 3043, Stats. 1898; *Jackson v. State*, 92 Wis. 422; *Bumbalek v. Peehl*, 95 Wis. 127. Writ of error to judgment does not bring up subsequent orders. *O'Toole v. State*, 105 Wis. 18. Hence the only question which could be presented by the present writ is whether any error occurred in the judgment or proceedings preliminary thereto. Transmission by the clerk of certain subsequent orders and the motions on which they were based was not demanded by the writ, and was wholly unwarranted.

Not only is the scope of the writ thus limited, but the

person entitled to sue out and be heard thereon must be either a party or privy to the record, or one directly injured by the judgment. *Black v. Kirgan,* 15 N. J. Law, 45; *Bull v. Meloney,* 27 Conn. 560, 566; *Louisville, E. & St. L. C. R. Co. v. Surwald,* 150 Ill. 394; 7 Ency. of Pl. & Pr. 856; 2 Foster, Fed. Pr. (3d ed.), §§ 505, 507. It is held that the interest of one not a party must appear by the writ. This requirement is perhaps satisfied *prima facie* by a recitation in the writ before us that the plaintiff in error "appeared and asked certain relief." This recitation falls short of asserting that any relief was denied, but, waiving that consideration, the record shows that even the assertion itself is false; for the *J. L. Gates Land Company* did not, prior to judgment, appear at all, nor ask any relief. Counsel contends, however, that the interest of plaintiff in error appears by certain affidavits filed in the circuit court long after judgment as the basis for certain motions therein. These affidavits are no part of the record assailed by the writ, and, in strictness, are not present in this court at all. The proper method of making apparent the interest of one who, not being a party by name to the record and judgment, seeks to sue out writ of error, is by petition or affidavits upon application for the writ. 7 Ency. of Pl. & Pr. 858. While under our practice the writ of error issues as of course, without formal petition and order therefor, yet one who avails himself of the privilege to have it so issue must abide any uncertainty as to whether an interest in him sufficient to entitle him to the writ shall appear by the record itself, when transmitted. Inasmuch as the only interest in the plaintiff in error suggested by the writ in this case is refuted by the record, and no other interest in him is shown thereby, doubtless the writ must be dismissed because of silence alone.

If, however, we should consider the facts asserted in the petition and affidavits filed in the circuit court after judgment, the result could not be different. The only rights

thus claimed to exist in plaintiff in error are those of mortgagee under a mortgage executed by the record defendant below, the A. B. Adams Land Company, and recorded before the commencement of the action sought to be reviewed; neither plaintiff in error, nor any of its predecessors in ownership of said mortgage, having been in any wise made parties to said action. The conclusion is, of course, irresistible that the judgment rendered does not in any degree affect or impair the rights of such mortgagee. No errors intervening in such judgment, or in the record on which it rests, could damage the plaintiff in error, and we cannot at its suit examine any which are alleged.

Propriety of the order of the court below refusing certain relief, in the nature of a modification of the prior judgment, is, of course, a question which we could only consider upon an appeal from that order. This writ of error does not present it.

*By the Court.*— Writ of error is dismissed.