## Richard Meyer, Jr., et al., v. Alfred F. Ross.

### Gen. No. 11,592.

1. DECLARATION—*when not obnoxious to demurrer.* Where the intendment of the declaration is clearly discernible from the language used, mere clerical and grammatical errors are not sufficient to render it obnoxious to general demurrer.

2. VERDICT—*when irregularity of, will not reverse.* Where in an action of trover a default has been entered and a jury is called merely to assess damages, the fact that the verdict is in form that of one in assumpsit is not material, as the default admitted every material and traversible fact alleged in the declaration.

Action of trover. Error to the Superior Court of Cook County; the Hon. JESSE HOLDOM, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1904. Affirmed. Opinion filed April 5, 1905.

**Statement by the Court.** This is an action in trover brought as the amended declaration stated by "Alfred F. Ross for himself and as trustee for Jessie M. Sidway and Cynthia A. Mead and B. W. Ostrander, the plaintiffs in this suit," by their attorney, etc. The name of Ostrander was not in the original declaration, but was inserted as part of the amendment. The declaration proceeds to say that "Whereas the plaintiff on to wit," etc.; and ,it continues its averments in the name of the "plaintiff," until in conclusion it avers that "the plaintiffs afterwards to wit, on the day aforesaid, casually lost said goods," etc., to the damage "of the plaintiffs." To this declaration a general demurrer was filed, which appears from the record to have been subsequently overruled, although plaintiffs in error claim that the record has been fraudulently made to show an order which in fact was expunged by direction of the judge who had made it, because made it is claimed under a misapprehension as to notice. Subsequently a default was taken for want of plea, a jury empanelled and a verdict and judgment entered at the June term, 1903. A motion was filed during that term by attorneys for plaintiffs in error to set aside the judgment, but according to

the statement in their brief the motion was not entered of
record.   It was not called up for disposition until the
October term following, and was then overruled after a
hearing at which affidavits on both sides were read.   These
are preserved in the record by bill of exceptions.

The judgment order recites that the defendants failed to.
plead to the amended declaration as required by rule en-
tered June 6, 1903, that "on motion of plaintiff's attorney,
it is ordered that the default of .the defendants be taken and
the same is entered of record herein for want of a plea.
wherefore plaintiff ought to have and recover," etc.; that
a jury was sworn to assess damages, who "say, We the jury
assess the plaintiff's damages at the sum," etc.; and that
"therefore it is considered by the Court that the plaintiff
do have and recover of and from the defendants," etc.

GEORGE S. BAKER and EDWIN F. ABBOTT, for plaintiff
in error.

HENRY W. LEMAN and FRANK H. CULVER, for defendant
in error.

MR. JUSTICE FREEMAN delivered the opinion of the court.
It is urged first as ground for reversal, that the amended
declaration does not state with certainty and accuracy
whether there are one, two or three plaintiffs, that it was
therefore bad on general demurrer, and that it will not
support the judgment.   If there was uncertainty in the
respect stated, it must, we think, be deemed aided by the
default and judgment.   The plaintiff Ross sues in trover
"for himself and as trustee."   The declaration is carelessly
drawn, but where the intendment of the declaration is
clearly discernible from the language used, mere clerical
and grammatical errors are not sufficient to render it ob-
noxious to general demurrer.   Penley v. Record, 66 Me.
414-17;  Wood v. Decoster, 66 Me. 542-545;  Monmouth
Mining Co. v. Erling, 148 Ill. 521-534;  Bacon v. Schep-
flin, 185 Ill. 122.   It is true the plural "plaintiffs" seems
to be used several times.   This may have been a mere gram-

matical error or it may have been owing to some confusion. of mind in the pleader, induced by the fact that the names of several beneficiaries are unnecessarily set, forth.    The trustee having the legal title or right of possession should sue in his own name and the record as a whole indicates. that he did so.    There was no necessity of naming a *cestui. que trust*.    Union Bank v. Barth, 74 Ill. App. 383-387;. Idem, 179 Ill. 83-86.    The description of parties as trustees is surplusage.    Odd Fellows v. McAllister, 153 Mass., 292-297.    The demurrer was overruled and so far as appears properly so, notwithstanding the mixing of "plaintiff" and "plaintiffs."    It was a general demurrer and called no attention to the particular errors which are now urged as fatal.    If it had they could have been corrected in the trial court.    It does not appear that attention of that court was ever called to them.    The damages were assessed and the judgment entered in favor of the "plaintiff."    There is. no uncertainty in these findings.

It is urged that the verdict is informal, in that it is in the form of an action in assumpsit instead of trover.    The default of the defendants having been taken, the jury were called merely to assess damages.    Every material and traversable fact alleged in the declaration was admitted by the default, and all that was required of the jury was an assessment of damages.    City of Chicago v. English, 97 Ill. App. 594-601.    This they made in express terms, and the rest of the verdict while superfluous did not affect the assessment of damages, and as finally recorded is correct in form.

It is claimed that there was an undisposed of demurrer on file when default was taken.    The record does not support this contention.

Finding no reversible error the judgment of the Superior Court must be affirmed.

*Affirmed.*