## Henry Wey v. George E. Dooley.

1. WILL—*how to be construed.* A will is to be construed according to the intention of the testator, which intention is to be gathered from a consideration of the entire instrument.

2. DETERMINABLE FEE—*when will creates.* Held, that the will in question in this cause created a base or determinable fee, as distinguished from one in fee simple.

3. PLAINTIFF—*who proper, in action at law.* In an action upon a contract the party named in the contract who is seeking to enforce the same is the proper plaintiff and not the assignee of such party, as choses in action are not assignable at law so as to enable the assignee thereof to sue in his own name.

4. USEE—*need not be made party of record.* It is not necessary that the name of the party for whose use the suit is brought shall appear in the record.

Assumpsit. Appeal from the Circuit Court of McLean county; the Hon. COLOSTIN D. MYERS, Judge, presiding. Heard in this court at the November term, 1906. Affirmed. Opinion filed June 1, 1907.

WELTY, STERLING & WHITMORE and EARLE D. RIDDLE, for appellant.

BARRY & MORRISSEY and OWEN & OWEN, for appellee.

MR. JUSTICE BAUME delivered the opinion of the court.

October 25, 1905, appellant executed a contract in writing to sell and convey to appellee on or before March 1, 1906, 80 acres of land in McLean county. The contract provided that appellant should furnish to appellee by December 1, 1905, an abstract showing a good record title to the premises free and clear of all encumbrances, except a certain lease, which was to be assigned, and further provided that either party failing to comply with the terms thereof, should forfeit to the other party $1,000 as fixed and liquidated damages. Upon the execution of the contract. appellee paid to appellant $500 to apply upon the purchase price.

On October 26, 1905, appellee by written indorsement on the contract assigned the same to E. R. and Lydia B. Ratliffe. Appellant when notified of the assignment said he would have nothing to do with the assignees, but would look to appellee with whom he had the contract. Thereafter, appellee submitted the abstract of title to the property to his attorneys, who advised him that appellant had only a life estate therein.

March 1, 1905, appellant tendered to appellee a deed of the property together with an abstract of title and demanded the balance of the purchase money. Appellee then tendered the balance of the purchase money, but refused to accept the title offered. Appellant then tendered a deed of the property to the Ratliffes, which was not accepted by them. March 16, 1905, appellee instituted this suit in assumpsit against appellant to recover the $500 paid upon the purchase price of the land, and $1,000 liquidated damages, and upon a trial by the court, without a jury, there was a finding and judgment against appellant for $1,535.

Appellant derives his title to the real estate contracted to be sold, through the will of Philip Hileman, deceased. The will provides for the payment of the testator's debts and funeral expenses, and gives all the remainder of the testator's property to his wife for her natural life, and provides that after her death the personal property shall be divided equally between John Henry Hileman and appellant. The subsequent clauses of the will, so far as they are here material, are as follows:

"Third. I give and bequeath to said Henry Hileman (son of Thomas Wey) the north half of the southwest quarter, section twenty (20) in town twenty-three (23) and range five (5) east of the third P. M., to come into possession of the same at the death of my wife, Margaret Hileman. Provided: If the said Henry Hileman should die before arriving at the age of twenty-one years, or *die leaving no bodily heirs,* then the above devised property to him shall be equally

divided between my full brothers and sisters, or should any be dead, leaving heirs, then the share of deceased to go to his or her heirs.

"Fourth. I give and devise after the death of my wife, Margaret Hileman, all the rest, residue and remainder of my real estate, of every name and nature whatsoever, to my son, John Henry Hileman. Provided: If the said John Henry Hileman should die before arriving at the age of twenty-one years, then I desire that all property devised to him shall be equally divided between my full brothers and sisters, or if any be dead, a share to the heirs of deceased: except one thousand ($1,000) dollars which I desire to be equally divided among the brothers and sisters of my wife, Margaret Hileman.

"Fifth. In case of the death of my wife, Margaret Hileman, before the above named John Henry Hileman and Henry Hileman arrive at the age of twenty-one years, I hereby appoint my executor, whom I shall hereinafter name and appoint, to hold the above named property, real and personal, in trust for the benefit of the said heirs, John Henry Hileman and Henry Hileman (son of Thomas Wey) until they each arrive at the age of twenty-one years  *  *  *  ."

Henry Hileman, son of Thomas Wey, mentioned in the will is Henry Wey, the appellant, and the real estate contracted to be sold is described in the third clause of the will.

It is insisted on behalf of appellant, that the words in the third clause of the will, viz., "Provided: If the said Henry Hileman should die before arriving at the age of twenty-one years, or die leaving no bodily heirs," refer to the death of appellant before the death of the testator, and that appellant having survived the testator, the absolute fee to the real estate described vested in him. On behalf of appellee it is insisted that said words refer to the death of appellant leaving no bodily heirs surviving, at any time, whether before or after the death of the testator, and that appellant, therefore, took by the will merely a life estate, or a base or determinable fee.

The intention of the testator is to be gathered from a consideration of the entire instrument. It is to be observed that the testator in disposing of his personal estate provided that at the death of his wife it should be divided between his son John Henry and appellant, without any restrictive provision limiting the estate of the said beneficiaries therein, or substituting other beneficiaries in any event.

· The fact that the testator created a life estate for his wife in the personal property, and provided that upon her death it should be equally divided between his son and appellant, clearly suggests that the testator assumed or anticipated that his wife would survive him and that his son and appellant would survive his wife. The fact also that the testator in the third clause of his will used the language above quoted, evidences that he intended to dispose of the real estate therein described, in a different manner than that in which he disposed of his personal property, but as his wife was also given a life estate in the realty he manifestly expected appellant to survive her. The case of Kohtz v. Eldred, 208 Ill. 60, cited by counsel for appellant as sustaining their construction of the will, is distinguishable from the case at bar in this, that in the Kohtz case no life estate intervened, and the beneficiary named in the will was an heir of the testator. In the case at bar appellant was not an heir of the testator, and the rule that a construction will be adopted which will favor the heir is not applicable.

We fully recognize the generally established rules applicable to the construction of wills, urged by counsel for appellant as controlling in this case, viz., that a construction will be favored which will give the absolute fee to the first taker, that where real estate is devised in terms denoting an intention that the primary devisee shall take a fee on the death of the testator, coupled with a devise over in case of his death without issue, the words refer to a death without issue during the lifetime of the testator, and that

the primary devisee surviving the testator takes an absolute estate in fee simple. Kohtz v. Eldred, *supra*. But these rules have their well-recognized exceptions.

In King v. King, 215 Ill. 100, it was said: "The rule that where there is a bequest to one person absolutely, and in case of his death without issue, to another, the contingency referred to is a death in the lifetime of the testator, does not apply when a point of time, other than the death of the testator, is mentioned, to which the contingency can be referred, or to a case where a life estate intervenes, or where the language of the will evinces a contrary intent." And in Bradsby v. Wallace, 202 Ill. 239, where a will containing a somewhat similar provision was under consideration, the court quoted approvingly from its former decisions, as follows: "When the death of the first taker is coupled with circumstances which may or may not take place, as for instance, death under age or without children, the devise over, unless controlled by other provisions of the will, takes effect, according to the ordinary and general meaning of the words, upon death under the circumstances indicated, at any time, whether before or after the death of the testator."

We are clearly of opinion that the language in the third clause of the will here involved should be held to refer to the death of appellant before arriving at the age of twenty-one years, or leaving no bodily heirs, at any time, whether before or after the death of the testator, and that the estate thereby devised to appellant is, merely, a base or determinable fee.

Appellee having assigned the contract to the Ratliffes, it is insisted that he could not bring suit to recover thereon in his own name, without a re-assignment of the contract to him, or that, in any event, the suit should have been brought in the name of appellee for the use of the assignees. The contract is not assignable at law so as to vest in the assignees the right to bring suit thereon in their own names, and

the suit was, therefore, properly instituted in the name of appellee.

It must be regarded as settled law in this state, that it is not necessary that the name of the party for whose use a suit is brought shall appear in the record. Union Nat. Bank v. Barth, 179 Ill. 83; Meyer v. Ross, 119 Ill. App. 485. In Knight v. Griffey, 161 Ill. 85, it was said: "It is no concern of a defendant in an action upon a bond for whose use the action is instituted." In Ill. Conference v. Plagge, 177 Ill. 431, it was said "whether others have an equitable or beneficial interest in the proceeds of the collection of a note need not be disclosed by the pleadings in an action at law by the party holding the legal title to the note. It is sufficient, in such case, the action is in the name of the holder of the legal title. Persons entitled to the beneficial interest may interfere in such actions and their rights will be protected, but in the absence of such interference defendants have no concern therewith."

The judgment of the Circuit Court is right and will be affirmed.

*Affirmed.*