North Side Sash & Door Co. v. Goldstein, 210 Ill. App. 226.

expense to be cured of the results of the unskilful operation by plaintiff, it is error for the court to strike the affidavit of defense and enter a default and give plaintiff judgment for the amount claimed in his statement without hearing evidence and submitting the question of damages to the jury, as demanded.

---

**North Side Sash & Door Company, Appellant, v. Ida Goldstein et al., Appellees.**

### Gen. No. 23,281.    (Not to be reported in full.)

Appeal from the Municipal Court of Chicago; the Hon. FRANK H. GRAHAM, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1917. Reversed and judgment here with finding of fact. Opinion filed April 16, 1918.

### Statement of the Case.

Action by North Side Sash & Door Company, a corporation, plaintiff, against Ida Goldstein *et al.*, defendants, to enforce a subcontractor's lien. From a judgment for defendants, plaintiff appeals.

SAMUEL W. NEWMAN, for appellant.

AMBERG & AMBERG, for appellees.

MR. PRESIDING JUSTICE BARNES delivered the opinion of the court.

### Abstract of the Decision.

1. MECHANICS' LIENS, § 136*—*what is extent of waiver of subcontractor's lien under contract.* The provision in a contract which waives a mechanic's lien on the "premises" must be confined to the purpose manifestly intended by the parties and cannot be extended

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

by construction to waive a subcontractor's right to a lien on moneys owing from the owner to the contractor in excess of the subcontractor's lien.

2. MECHANICS' LIENS, § 59*—*what is extent of lien given subcontractor.* Section 21 of the Mechanics' Liens Law of 1903 (J. & A. ¶ 7159), giving a subcontractor a lien, is not limited to cases where the fund is claimed by some creditor, assignee, etc., but is intended to give a lien which is absolute, even as against the contractor's creditors, assignee or estate.

3. MECHANICS' LIENS—*extent of waiver of subcontractor's lien as question for court.* The question whether the provision in a contract waiving a subcontractor's lien extends to moneys due the contractor under the original contract is one of construction for the court.