## Pittsburgh Plate Glass Company et al., Appellees, v. Mathias Huberty et al., Appellants.

### Gen. No. 24,656.

1. MECHANICS' LIENS, § 68*—*when subcontractors' liens not defeated by failure to serve notice thereof.* As a subcontractor's lien is based upon the original contract and his rights and those of the original contractor attach at the same time, under the provisions of sections 1 and 21 of the Mechanics' Liens Act (Callaghan's 1916 St. Supp. ¶¶ 7139, 7159), failure of subcontractors to serve their notices upon the owners prior to the adjudication of the general contractors in bankruptcy will not defeat their liens.

2. MECHANICS' LIENS, § 61*—*when lien of subcontractor becomes effective.* Although a lien claimant has only an inchoate or incipient lien which may be lost until the statutory requirements

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

have been observed, when he has complied with such requirements the lien ripens into a valid claim, attaching as of the date the contract was made by the original contractor.

3. Bankruptcy, § 18*—*what is effect of bankruptcy proceedings upon subcontractors' liens.* As a subcontractor's lien attaches as of the date of the original contract, where the original contract was made long prior to the filing of a petition in bankruptcy by the original contractors, the subsequently perfected liens of subcontractors could not, under section 21 of the Mechanics' Liens Act (J. & A. ¶ 7159), be defeated or barred by the bankruptcy.

4. Mechanics' liens, § 89*—*when payments by owners to contractors wrongful.* Where original contractors did not furnish nor the owners require statements showing the amounts due to subcontractors, as provided for by section 5 of the Mechanics' Liens Act (J. & A. ¶ 7143), all payments on behalf of the owners to the original contractors were wrongful, and the master correctly found that in legal effect there was still a fund in the hands of the owners subject to the subcontractors' liens.

5. Mechanics' liens, § 128*—*when subcontractors' liens have priority over unrecorded prior mortgages.* Subcontractors' liens which attached on a certain date were prior to the liens of trust deeds executed before that date, but which were not recorded and under which no money was furnished until a later date.

6. Mechanics' liens, § 212*—*who is not party to proceedings for enforcement of subcontractors' liens and may not appeal.* One who, pending proceedings for the enforcement of subcontractors' liens, loans money upon receiver's certificates to complete the building, which amount, in the final decree, was ordered to be a first lien subject to the subcontractors' liens, was not a party, nor was he an appellee entitled to assign cross errors, under Practice Act, ch. 110, sec. 107 (J. & A. ¶ 8644), and his right to appeal is doubtful.

7. Receivers, § 21*—*when may not borrow money.* There is no authority for permitting a receiver for original contractors, in the case of private property, to borrow money to complete the improvement, and decreeing the amount borrowed to be a lien prior to all other claims.

8. Bills and notes, § 259*—*when purchaser for value without notice protected.* The claim of want of consideration, made by the owners of premises as to trust deeds and notes given to contractors to pay the balance due on the contract price for the erection of a building, cannot affect the rights of one who, from the undisputed testimony, appears to have been a purchaser for value without notice.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Pittsburgh Plate Glass Co. v. Huberty, 213 Ill. App. 315.

Appeal from the Circuit Court of Cook county; the Hon. Oscar M. Torrison, Judge, presiding. Heard in this court at the October term, 1918. Affirmed. Opinion filed March 10, 1919.

Vincent D. Wyman, Harry C. Kinne and Charles E. Carpenter, for appellant Henry P. Kransz.

Charles C. Bodenstab, for appellants Rudolph J. Boss and Margaret Boss.

Peter P. Kransz, *pro se.*

Gustav E. Beerly, G. A. Buresh and Albert N. Charles, for appellees Pittsburgh Plate Glass Co., Kemler Lumber Co. and Edward Henry; Gustav E. Beerly and G. A. Buresh, of counsel.

Reuel H. Grunewald, for appellee Fred J. Bohn.

Mr. Justice McSurely delivered the opinion of the court.

This cause is concerned primarily with the rights of appellees, who are lien claimants as subcontractors. Upon the original bill filed by the Pittsburgh Plate Glass Company, cross-bills, intervening petitions, answers, replications of various claimants and parties in interest, and after consolidating certain claims, reference to a master and his report with conclusions, and exceptions thereto, on July 15, 1918, by decree entered, the lien claimants were given a first and prior lien over all other claimants in the following amounts: Pittsburgh Plate Glass Company, $93.63; Fred J. Bohn, $890.04; Kemler Lumber Company, $913.87; and Edward Henry, $730.58, all with interest from May 6, 1918. Appellants ask that this be reversed.

These facts are not in dispute. On January 15, 1916, Rudolph J. Boss and Margaret Boss, owners of the premises in question, executed their note of that date for $7,500 and a trust deed securing the same, to

Henry P. Kransz, as trustee, the note and trust deed being given to secure a building loan for a building proposed to be erected on the premises. On March 15, 1916, the owners contracted with Huberty & Loheinrich to furnish and provide all necessary labor and material. These contractors contracted with the lien claimants herein, as subcontractors, for labor and material. The last dates of performance of their subcontracts were: Pittsburgh Plate Glass Company, June 23rd; Fred Bohn, July 18th; Kemler Lumber Company, June 30th; Edward Henry, July 7th. Subcontractors' statutory notices in due form were given as follows: The Glass Company, August 14th and August 18th; Bohn, September 14th; Kemler Company, July 13th, and Edward Henry, July 15th; all of the above dates are in 1916. The trust deed to Kransz was recorded April 18, 1916, and the first money advanced thereunder was on April 21st, amounting to $88.40, and May 3rd, amounting to $2,197.55. On April 12, 1916, the owners of the property executed other promissory notes in the sum of $2,200, secured by deed of trust conveying the same premises to Mathias Huberty as trustee; this was recorded on May 4, 1916. On July 7, 1916, a petition of voluntary bankruptcy was filed by the original contractors, Huberty & Loheinrich, and they were adjudicated bankrupt on July 12th. It will be noticed that the subcontractors' notices claiming their respective liens were not served prior to this adjudication in bankruptcy, although it is not disputed that their notices, bills, answers and intervening petitions were filed within the statutory period.

Did the failure of the subcontractors to serve their notices upon the owners prior to the adjudication of the general contractors in bankruptcy defeat the liens? Disregarding decisions under a different Mechanics' Liens Statute than the present one, we are of the opinion that the answer to this question must be in the negative. The Mechanics' Liens Act now under con-

sideration is the revision of 1903, as amended in 1913. Section 21 of this Act (Callaghan's 1916 St. Supp. ¶ 7159), provides, among other things, that the subcontractor shall have a lien "from the same time, and on the same property, as provided for the contractor"; and section 1 (Callaghan's 1916 St. Supp. ¶ 7139) provides that "this lien shall attach as of the date of the contract." This language is clear of ambiguity. As the subcontractor's lien is based upon the original contract, his rights attach at the same time that the original contractor's rights attach. Supporting this are the decisions in *Springer v. Kroeschell*, 161 Ill. 358; *Von Platen v. Winterbotham*, 203 Ill. 198; *W. W. Brown Const. Co. v. Central Illinois Const. Co.*, 234 Ill. 397; *Rittenhouse & Embree Co. v. Warren Const. Co.*, 264 Ill. 619; *Boyer v. Keller*, 258 Ill. 106.

It is true that until the statutory requirements are observed, a lien claimant has only an inchoate or incipient lien which may be lost, but having complied with all the requirements of the statute, the lien ripens into a valid claim attaching as of the date of the original contract. That date in the case before us was March 15, 1916, and we hold that the liens of the subcontractors herein attached on that date.

Section 21 of the Liens Act (Callaghan's 1916 St. Supp. ¶ 7159) provides that such subcontractors have not only a lien on the property but "also, as against the creditors and assignees, and personal and legal representatives of the contractor * * * and on the moneys or other considerations due or to become due from the owner under the original contract." Giving effect to this language, which we are bound to do, it follows that as the liens attached long prior not only to the adjudication of the contractors in bankruptcy, but to the filing of the petition, they cannot be defeated or barred by the bankruptcy. *North Side Sash & Door Co. v. Goldstein*, 210 Ill. App. 226, affirmed in 286 Ill. 209; also *Pease v. Ritchie*, 132 Ill. 638; *Mallin v. Wenham*, 209 Ill. 252; *Paddock v. Stout*, 121 Ill. 571; *Hier*

*v. Kaufman,* 134 Ill. 215, and *Brown v. Starin,* 56 Ill. App. 231.   In Loveland on Bankruptcy (4th Ed.), vol. 1, p. 945, the rule is stated generally as follows:

"Whether a mechanic's lien is a valid claim against the estate of the bankrupt depends upon the local law as construed by the highest court of the State.   If a valid lien has attached under the State law before proceedings in bankruptcy have been commenced, the lien will be respected by the court of bankruptcy."

And at page 946:

"Where a mechanic's lien is valid as against a debtor or his general assignee under the State law when notice of lien is recorded after bankruptcy, it is valid as against his trustee in bankruptcy."

Cases cited holding to the contrary have to do with the previous Mechanics' Liens Statute, where it was definitely provided that the lien of a subcontractor should attach as of the date of his notice to the owner. As above noted, this is not the present law.

In this case the original contractors did not furnish to the owners, nor did the owners require, any statement showing the amounts due to the respective subcontractors, as provided by section 5 of the Liens Act (J. & A. ¶ 7143); therefore all moneys paid on behalf of such owners to the original contractor were wrongful as against the subcontractors, under the provisions of section 32 (J. & A. ¶ 7170).   *Brennan v. William P. McEvoy & Co.,* 196 Ill. App. 336; *American Radiator Co. v. Blakie,* 165 Ill. App. 404.

The master correctly found with reference to the liens that, as to them, in legal effect there was still a fund in the hands of the owners subject thereto.

As the subcontractors' liens attached on March 15, 1916, it follows that the decree properly found them prior to the lien of the trust deed to Kransz.   This deed, while dated January 15, 1916, was not recorded until April 19, 1916, and the first payment, amounting to $88.40, was made April 21, 1916, and the next in May.   As was said in *Schaeppi v. Glade,* 195 Ill. 62, a mortgage can only take effect as a lien from the time

some debt or liability is created. To the same effect are *Lamphier v. Desmond*, 187 Ill. 370, and *Fischer v. Touhy*, 186 Ill. 143. What is said of the Kransz trust deed is also true of the trust deed to Huberty dated April 12, 1916, recorded May 14, 1916, now held by Walter M. Inman.

Pending the proceedings in the trial court, Henry P. Kransz filed a motion representing that the premises were not completed and that it would take approximately $4,200 to complete them, and that one Peter P. Kransz had offered to loan said sum upon receiver's certificates secured by a trust deed free and clear of all liens held by any of the parties. An order was entered to this effect, to which the subcontractors objected and excepted. The final decree ordered that the amount of these certificates, with interest thereon, was a first lien, subject however to the mechanics' liens of the subcontractors. Peter P. Kransz filed a brief in this court, claiming priority for his receiver's certificates. It is very doubtful as to his right to appeal, as he was not a party to the proceeding. In many cases it has been held that an appeal is purely statutory, and that no statute exists authorizing an appeal by a person not a party to the suit (*Louisville, E. & St. L. Consol. R. Co. v. Surwald*, 147 Ill. 194; *Hesing v. Attorney General*, 104 Ill. 292). Neither is he an appellee, and hence cannot assign cross errors (*Pelouze v. Slaughter*, 241 Ill. 215; Practice Act, ch. 110, sec. 107, J. & A. ¶ 8644). But even were the question properly before us, we would not disturb the decree in this respect. We know of no decision in this State, in the case of private property, where, over the objections of claimants, a receiver has been permitted to borrow money for completing an improvement, and the amount borrowed decreed to be a lien prior to all other claims. In Clark on the Law of Receivers (1918 Ed.), vol. 1, p. 644, sec. 572, is stated the difference between receiver's certificates in the case of a railway and in the case of a private corporation, namely,

that while a railway receiver's certificates may take precedence over lien creditors, "in the case of the debts evidenced by receiver's certificates issued by a receiver of a private corporation, they, with few exceptions, will not take precedence over the debts of lien creditors." This is supported by many decisions. The same author further states (p. 646) that the receiver of a private corporation has no such latitude in legal contemplation respecting receiver's certificates, as do those of a railroad or public service corporation, and that in the absence of consent by other interested parties, his authority must be confined to administering the assets and preserving the property from deterioration. High on Receivers (4th Ed.), page 379, states that "it is improper to authorize the issuing of such certificates without the consent of the creditors whose liens against the property would be thereby affected." In accord with this is *Snow v. Winslow*, 54 Iowa 200; *Baltimore Building & Loan Ass'n v. Alderson*, 90 Fed. 147. In *Davis v. Alton, J. & P. Ry. Co.*, 180 Ill. App. 1, the court held, even in the case of a railroad, that it would be unjust to decree the receiver's certificates to be prior to the claims of subcontractors, stating that it would be manifestly unjust to permit liens of material and laboring men to be swept away by a large class of bondholders seeking to protect themselves at the expense of the lienors, by undertaking to complete the road under an issue of receiver's certificates which should be a lien prior to the liens of all others. This indicates the danger of the practice, and emphasizes the propriety of the decree before us in this respect.

We find no error in the decree with reference to the lien claims of complainants as the respective subcontractors.

The owners of the premises, Rudolph and Margaret Boss, in addition to points raised against the lien claimants, also attack the validity of the trust deed

and notes held by Walter Inman, asserting that they are void for failure of consideration, and claiming that they were given to Huberty & Loheinrich, the original contractors, for the purpose of paying the balance due them on the contract price for the erection of the building; that the contractors sold the trust deed and notes to Inman through one Oeckerlund. No brief is filed here by Inman. We have, however, examined his testimony, and even if the statement of the owners as to their understanding with Huberty & Loheinrich be true, Inman appears from the undisputed testimony to have been a purchaser for value, without notice of any such agreement. He states that he purchased the note for $1,800, and had no conversation with the owners or the original contractors and knew nothing about the alleged consideration as between them. Under such circumstances the claim of want of consideration cannot affect the rights of Inman.

After considering the record and the briefs, we see no reason to disturb the decree of the Circuit Court, and it is therefore affirmed.

*Affirmed.*